72181. SUN v. BUSH et al.
(345 SE2d 873)

SOGNIER, Judge.

Joseph Sun brought this action in several counts against J. M. Bush, Richard Diehl, Michael Welch, Robert Ingram, S. H. White

and J. M. Cowart seeking to set aside a judgment and to recover damages for perjury and conspiracy to commit perjury as well as for harassment and invasion of privacy. Pursuant to various motions made by the defendants, including a motion for summary judgment filed by two of the defendants, the trial court dismissed all of Sun's claims except for that against Bush, Diehl and Welch for harassment and invasion of privacy. Sun appeals under authority of OCGA § 9-11-54 (b).

Appellees Bush and Diehl, police officers, brought suit against appellant for libel and slander based on appellant's claims that they had committed perjury in the prosecution of a traffic ticket issued against appellant. At the trial of the libel and slander action, appellee Welch represented Bush and Diehl, and appellees Ingram, White and Cowart appeared as witnesses on behalf of Bush and Diehl. After the jury returned a verdict in favor of Bush and Diehl, appellant instituted this action.

1. Appellees' joint motion to dismiss this appeal is denied. OCGA § 5-6-48 (a), (b).

2. Appellant contends the trial court erred by granting judgment in favor of appellees pursuant to their various motions on Count One of appellant's original complaint which sought to attack and set aside the judgment against him in the libel and slander action on the grounds of appellees' alleged perjury and conspiracy to commit perjury. In order to set aside a judgment obtained as a result of corrupt and wilful perjury, it must be shown that the persons charged with such perjury have been convicted thereof. OCGA § 17-1-4; *Arnold v. State*, 163 Ga. App. 10, 12 (1) (293 SE2d 501) (1982); *Marshall v. Russell*, 222 Ga. 490, 494 (2) (150 SE2d 667) (1966). There being no allegation of indictment and conviction of any of appellees who were witnesses in the libel and slander case and who allegedly testified falsely, the trial court did not err in dismissing appellant's claim seeking to set aside the judgment against him. Id.; see generally OCGA §§ 9-11-12 (b) (6), 12 (c) and 56 (c); *Wallis v. Clerk, Sup. Court*, 166 Ga. App. 775, 776 (305 SE2d 639) (1983).

3. Appellant contends the trial court erred by dismissing his claim for damages based on his allegations against appellees for perjury and conspiracy to commit perjury. Whether there is a civil cause of action for damages for perjury or conspiracy to commit perjury appears to be a case of first impression in this State. However, we agree with the overwhelming majority of authority from other jurisdictions which holds that no such cause of action exists. Annot., 31 ALR3d 1423 § 2 [a]; 70 CJS, Perjury, §§ 92-93; *Hokanson v. Lichtor*, 626 P2d 214, 218-22 (5 Kan. App. 2d 802) (1981). " 'Public policy, and the safe administration of justice, require that witnesses, who are a necessary part of the judicial machinery, be privileged against any restraint, ex-

cepting that imposed by the penalty for perjury.'" *Kantor v. Kessler,* 40 A2d 607, 608 (132 NJL 336) (1945); *Hokanson,* supra at 219. Accordingly, it follows that appellant has no claim upon which relief can be granted based on his allegations of perjury and appellees were entitled to summary judgment as a matter of law on these claims. See generally OCGA § 51-5-7 (1) and (6); *Dennis v. Adcock,* 138 Ga. App. 425, 429 (4) (226 SE2d 292) (1976); *Horton v. Tingle,* 113 Ga. App. 512, 514 (2) (149 SE2d 185) (1966); *Wallis,* supra.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MAY 7, 1986 —
REHEARING DENIED MAY 21, 1986.

Joseph C. Sun, *pro se.*
*Aubrey Villines, Richard L. Collier, Neal B. Childers, E. Clayton Scofield, Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General,* for appellees.