72519. THE MATTHEWS GROUP & ASSOCIATES, INC.
et al. v. WAGES et al.
(348 SE2d 695)

CARLEY, Judge.

The instant appeal is from an order entered by the Superior Court of DeKalb County. The controversy began, however, in the State Court of Cobb County, when Import Leasing Center, Inc. (ILC), an appellee-defendant in the instant appeal, filed a civil action based upon a lease contract for an automobile. Named as the defendant in that Cobb County action was Mr. Lee Matthews, who is now an appellant-plaintiff in the instant appeal. The Cobb County action went into default and ILC took a default judgment against Mr. Matthews. Thereafter, Mr. Matthews unsuccessfully sought to have the Cobb County default judgment set aside. This court denied Mr. Matthews' application for a discretionary appeal from the denial of his motion to set aside the Cobb County default judgment.

Subsequently, the instant action was commenced when a pleading denominated as a "Complaint In Equity" was filed in the Superior Court of DeKalb County. In addition to Mr. Matthews, this pleading named appellant The Matthews Group & Associates, Inc. (MG&A) as a plaintiff. The "Complaint In Equity" named both ILC and appellee Mr. Ron Wages as defendants. After filing their answers to the "Complaint In Equity," appellees ILC and Mr. Wages moved for judgment on the pleadings. After conducting a hearing on the motion, the trial court granted judgment on the pleadings in favor of both appellees. Appellants Mr. Matthews and MG&A appeal from this order granting judgment on the pleadings as to their "Complaint In Equity."

1. Former OCGA § 9-11-60 (e), the statutory provision in effect at all times applicable to the instant appeal, provided in relevant part: "Complaint in equity may be brought *to set aside a judgment* for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant." (Emphasis supplied.) See existing OCGA § 9-11-60 (d) (2). Based upon less than clear allegations, the instant "Complaint In Equity" filed by appellants sought monetary damages, the enjoining of enforcement or collection of the Cobb County judgment, and "such further relief as is just and proper." Notwithstanding the prayer for damages and the absence of a specific prayer that the Cobb County judgment be set aside, the "Complaint In Equity" contained such allegations regarding the fraud and other "acts" attributed to appellees in connection with the Cobb County action as would nonetheless render it construable as purporting to invoke former OCGA § 9-11-60 (e). See generally *Bowers v. Dolen*, 187 Ga. 653, 659 (5) (1 SE2d 734) (1939). Accordingly, this case was initially transferred to the Supreme Court. Compare *Barrett v. Asbell*, 225 Ga. 521 (169 SE2d 779) (1969). However,

the case has now been remanded to us, based undoubtedly upon appellants' post-transfer assertion in the Supreme Court that their "Complaint In Equity" is in reality an action at law seeking only tort and contract damages. Accordingly, we construe the Supreme Court's remand as a ruling that the instant case involves only legal issues concerning the recovery of damages, rather than any equitable issue concerning the setting aside of the Cobb County judgment pursuant to former OCGA § 9-11-60 (e). See generally *Carter v. State of Ga.*, 93 Ga. App. 12 (1) (90 SE2d 672) (1955).

2. Insofar as appellant Mr. Matthews might be attempting to use the "Complaint In Equity" to recover contract damages based upon the lease agreement which formed the underlying subject matter of the Cobb County action against him, it would not be error to grant judgment on the pleadings in favor of appellees. The allegations of the "Complaint In Equity" clearly show that Mr. Matthews should have filed a compulsory counterclaim in the Cobb County action but did not do so. Accordingly, as against Mr. Matthews, appellees would be entitled to judgment on the pleadings based upon their res judicata defense. See generally *B. J. Howard Corp. v. Skinner, Wilson &c.*, 172 Ga. App. 446, 447 (1) (323 SE2d 664) (1984); *Medlin v. Carpenter*, 174 Ga. App. 50, 51 (2) (329 SE2d 159) (1985). However, construing the allegations of their "Complaint In Equity" as a complaint for damages, it appears that what appellants really seek is to recover damages based simply upon the fact that a judgment has been successfully obtained against Mr. Matthews. In their brief, appellants concede that what they "seek [is] actual damages of $17,419.29 representing amounts paid by appellant Matthews, individually, in satisfaction of the above-referenced default judgment procured against him in Cobb State Court, and exemplary damages and attorney fees for appellees' willful, malicious, and fraudulent actions."

The law provides various forms of relief which can be pursued by one who believes that a judgment has been wrongly entered. However, a cause of action for damages based upon the judgment creditor's alleged fraudulent securing of his judgment is not among them. When confronted with an allegedly erroneous judgment, the judgment defendant or other entity with a present interest in the former outcome, must attack the underlying judgment, not the judgment creditor. "A judgment of a court having jurisdiction of both the parties and the subject-matter, however, irregular or erroneous, is binding until set aside. [Cits.] Every presumption will be indulged in favor of the validity of a judgment rendered by a court having jurisdiction of the subject-matter and the parties; and until set aside in a manner prescribed by law, will be given effect. [Cits.]" *Mitchell v. Arnall*, 203 Ga. 384, 385 (4, 5) (47 SE2d 258) (1948). "Collateral attack. A judgment void on its face may be attacked in any court by any person. In

*all* other instances, judgments *shall* be subject to attack *only* by a direct proceeding brought for that purpose in one of the methods prescribed in this Code section." (Emphasis supplied.) OCGA § 9-11-60 (a). It is thus clear that the instant action is no more than an unauthorized collateral attack on the Cobb County judgment, appellants having conceded that their "Complaint In Equity" does not invoke former OCGA § 9-11-60 (e). See generally *Marshall v. Marthin*, 192 Ga. 613 (15 SE2d 861) (1941). See also *Shepherd v. Epps*, 179 Ga. App. 685 (347 SE2d 289) (1986) (holding that an action for damages based upon the defendant's alleged perjury in a previous action which resulted in a judgment against the plaintiff is an unauthorized collateral attack upon the earlier judgment).

"The law must always give a person sued a right to be heard, and must prescribe a reasonable time within which he may be heard, but it may at the same time prescribe the manner in which his objection to the plaintiff's right to proceed against him shall be brought before the court; and if the manner prescribed by law and the time within which the objection can be raised are both reasonable, and the defendant fails to avail himself of the right to be heard within the time and in the manner thus prescribed, the fact that a judgment could not have been rendered if he had availed himself of one of the methods fixed by law to prevent the rendition of the judgment does not afford any sufficient reason for giving him another opportunity to be heard. . . ." *Kelly v. Strouse & Bros.*, 116 Ga. 872, 892 (43 SE 280) (1902). At all times relevant to the instant appeal, the law prescribed the manner in which a default judgment could be attacked for fraud or other acts of the adverse party. Former OCGA § 9-11-60 (e). See also existing OCGA § 9-11-60 (d) (2). The fact that resort was not made to that method of attack does not afford any reason for sanctioning the instant collateral suit for damages. Accordingly, even assuming that appellee Mr. Wages, who was not a party to the Cobb County action, would have no viable res judicata defense against either appellant, and that neither appellee would otherwise have a viable defense against appellant MG&A, who was not a party to the Cobb County action, the trial court nonetheless properly granted judgment on the pleadings in favor of both appellees as against both appellants. The pleadings show that appellants have no viable legal claim for *damages* based upon the entry of the Cobb County default judgment. A motion for judgment on the pleadings should be granted if "the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim. [Cit.]" *Snooty Fox v. First American &c. Corp.*, 144 Ga. App. 264, 265 (241 SE2d 47) (1977).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 2, 1986.

Lee Matthews, *pro se.*
A. *Joseph Nardone, Jr.*, for appellees.