76733. PETERS v. IMPERIAL CABINET COMPANY, INC.
(375 SE2d 635)

BENHAM, Judge.

Appellee Imperial Cabinet Company filed suit against appellant Peters, contending that it had suffered damage as a result of Peters' act of false swearing. A jury returned a verdict in favor of appellee, and appellant appeals from the judgment entered thereon.

Appellant maintains that, for a number of reasons, his motion for directed verdict should have been granted. The facts, presented in the light most favorable to the jury verdict, follow.

Appellant was the president and sole shareholder of AEC, a residential construction corporation. Appellee provided cabinetry for the homes AEC constructed. When appellee was not paid for cabinets installed in a certain home in July 1983, it filed a lien on the improved property on September 23, 1983. However, AEC sold the newly-constructed home to a third-party on September 14, 1983. At the closing, appellant executed an affidavit in which he swore that "no improvements or repairs have been made to the Property during the ninety-five (95) days immediately preceding this date for which the costs have not been fully paid, and there are no outstanding bills incurred for labor or materials used in making improvements or repairs to the Property, or for services of architects, surveyors or engineers incurred in connection therewith." Appellant further swore that "[t]here is no outstanding indebtedness for equipment, appliances or other fixtures attached to the Property. . . ." The closing attorney, qualified by the trial court as an expert on real estate transactions, testified that he went over the contents of the affidavit with appellant, explained to him that it was a statement given by appellant under oath, and was "careful to ask [appellant] if there were any other claims that had not been set forth on [the affidavit]." Appellant signed the affidavit, completed the sale of the improved real estate to a third-party, and received those proceeds not used to pay off secured lenders and lienholders. Appellee never received payment for the cabinetry, and a real estate expert opined that appellant's execution of the affidavit

foreclosed appellee from pursuing the new property owner for payment.

1. Appellant asserts he was entitled to a directed verdict because there is no civil cause of action for false swearing. While OCGA Title 51 does not contain a tort expressly called "false swearing," OCGA § 51-1-6 provides that "[w]hen the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby." Appellee's allegation that appellant knowingly swore falsely, thereby injuring appellee, set forth a cause of action for breach of the legal duty to swear truthfully. Cf. *LaBarre v. Payne*, 174 Ga. App. 32 (2) (329 SE2d 533) (1985). The existence of such a cause of action was recognized by this Court in *Carl E. Jones Dev. Co. v. Wilson*, 149 Ga. App. 679, 681 (255 SE2d 135) (1979). Although this court has been asked twice recently to ascertain the viability of a civil action for false swearing, it has not been necessary for the court to address the issue. See *Benbow v. Wiggin*, 173 Ga. App. 336 (326 SE2d 538) (1985) (in addition to alleging a private cause of action for violation of the criminal statute for false swearing, the complaint also stated a cognizable civil claim for the fraudulent transfer of corporate assets; therefore, judgment on the pleadings in favor of the defendant was inappropriate); *Commercial Plastics &c. of Ga. v. Molen*, 182 Ga. App. 202 (4) (355 SE2d 86) (1987) (the defendants were entitled to summary judgment in plaintiff's civil action for false swearing since the alleged false swearing occurred during a judicial proceeding, making the false swearing perjury, for which there is no civil cause of action).

Appellant maintains there is no civil cause of action for false swearing, and cites several civil perjury cases in support of his theory. This court has agreed "with the overwhelming majority of authority from other jurisdictions" and held there is no civil cause of action for damages for perjury committed in an earlier lawsuit. *Sun v. Bush*, 179 Ga. App. 140 (3) (345 SE2d 873) (1986); *Shepherd v. Epps*, 179 Ga. App. 685 (1) (347 SE2d 289) (1986). This court enunciated sound reasons for its decisions against a civil cause of action for damages for perjury: public policy requires that witnesses have no restraint save the criminal sanction for perjury; litigation would be extended by re-examining issues; and the allegation of perjury amounts to an impermissible collateral attack on the earlier judgment. Id. None of these reasons, however, is applicable to false swearing, which, by its very definition, excludes from its coverage false swearing in judicial proceedings. Indeed, a civil action for false swearing does not involve witnesses from a prior judicial proceeding, does not re-examine previously-litigated issues, and is not a collateral attack on a judgment

rendered earlier. Due to the distinction between perjury and false swearing, appellant's reliance on perjury cases is misplaced.

2. Appellant next argues that his motion for directed verdict should have been granted because there was no evidence that appellant knowingly and wilfully swore falsely. False swearing occurs when "[a] person . . . who executes a document knowing that it purports to be an acknowledgment of a lawful oath or affirmation . . . in any matter or thing other than a judicial proceeding . . . knowingly and wilfully makes a false statement." OCGA § 16-10-71 (a). "Knowledge either express or implied is absolutely indispensable in order to impute a wilful purpose to swear falsely. [Cit.]" *Carroll v. Morrison*, 224 Ga. 277, 278 (161 SE2d 269) (1968). In the case at bar, appellant testified that, based on what his attorney had told him, he believed at the time of closing the dispute with appellee had been settled. Appellant's former attorney testified that he had spoken with the now-deceased owner of appellee; that they had resolved the problem; and that he had informed appellant of the settlement. Appellee's current owner (and the partner of the deceased owner) testified that any problems with the particular cabinets in question would have been directed to him since he had done the initial work; that he never heard any complaints from AEC, appellant, or the home's current owner; that AEC stopped payment on the check sent to pay for the cabinetry; that his deceased partner would have consulted with him before writing off a $3,400 receivable; that there was no such consultation; and that there were no business records reflecting such a settlement. Appellee introduced into evidence the deceased partner's affidavit which had been executed in support of appellee's lien that was filed due to AEC's failure to pay for the cabinetry, and impeached appellant's former attorney.

Appellee presented evidence from which the jury could conclude that the dispute between AEC and appellee had, in fact, not been resolved, and that appellant's former attorney had not been truthful when he told appellant that the dispute was settled. However, there was no evidence from which the jury could conclude that *appellant knew*, when he signed the affidavit, that the problem had not been solved. For false swearing to have occurred, there must be evidence of both the falsity of the swearing and the intent to swear falsely. *Smith v. State*, 66 Ga. App. 669, 670 (19 SE 168) (1942). See also *Carroll v. Morrison*, supra. Inasmuch as there was no evidence from which the jury could conclude that appellant knew when he signed the affidavit that the dispute with appellee had not been solved, there was no evidence that appellant knowingly swore falsely, and the trial court erred in failing to direct a verdict in favor of appellant.

3. In light of our holding in Division 2, we need not address appellant's remaining enumerations of error.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 4, 1988 —
REHEARING DENIED NOVEMBER 21, 1988 —

*David S. Walker, Jr.*, for appellant.
*William T. Hudson, Jr.*, for appellee.