S91A0031. FOSTER v. FOSTER.
(400 SE2d 629)

WELTNER, Justice.

1. The trial court found that a settlement agreement was enforceable, and incorporated it into the final divorce decree. The former wife later filed a complaint against the former husband relative to this agreement, alleging fraud.[1] The trial court denied the father's

---

[1] The agreement provided:

The parties hereto shall have joint legal custody of the minor children. . . . The custody arrangements herein are made with the belief that both parents should have continuing contact with the children and should have continuing responsibility for the children's physical needs, medical and dental needs as well as their general mental health.

[T]he father agrees to continue to maintain the group hospitalization on the minor children through his employment, and to be responsible for reasonable and necessary medical, dental, and prescription drug expenses of the minor children, and shall reimburse [the mother] whenever she must advance such expenses for medical care for the children.

The former wife alleged that the former husband represented to her that if she signed the agreement allowing joint legal custody, he would allow the children to live with him and would support them. She alleged that this was a material misrepresentation, as he had no intention of allowing the children to live with him.

motion for summary judgment and we granted his discretionary application to consider:

> Whether a former spouse may sue the other former spouse in tort for fraud on alleged misrepresentations made during settlement-agreement negotiations.

2. In *Conley v. Conley*, 259 Ga. 68 (377 SE2d 663) (1989), we held:

> [I]t is clear that where, as here, the divorce decree does, at the very least, address a question concerning the liability of the non-custodial parent for child-support-obligation items, a § 19-6-19 modification action is the custodial parent's exclusive remedy in regard to supplementing the decree with a provision obligating the non-custodial parent to pay additional child support. [Id. at 70.]

The trial court should have granted the former husband's motion for summary judgment.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 21, 1991.

*Amanda F. Williams, Martha F. Dekle, Edward R. Zacker*, for appellant.

*John T. McKnight, Jr.*, for appellee.