A94A1705. PINKARD v. MORRIS et al.
(450 SE2d 330)

RUFFIN, Judge.

Angela Pinkard sued Christine Morris, the administratrix of the estate of William Ray Morris, deceased ("the deceased") for a share

of his intestate estate. The trial court granted summary judgment to Morris, finding Pinkard's claim barred by collateral estoppel, and Pinkard appealed.

Approximately five months before Pinkard was born, her mother, now known as Cheryl Roach, married Thomas Hight. Although Hight was not Pinkard's father, Roach stated she married him "to give a name to her daughter." Eighteen months later, Roach filed for divorce. Roach, who was 16 years old at the time of the divorce, alleged in the divorce petition there had "been one child born as the issue of this marriage, namely [Pinkard]." In her deposition, Roach stated she did not recall ever reading the petition before signing it at the request of her attorney. A final judgment and decree was entered by the court, incorporating the parties' agreement providing for custody, visitation, and support for "the parties' minor child, [Pinkard]." Hight never paid any support for Pinkard and Roach stated she never attempted to enforce the decree because she did not feel that Hight owed them anything and all she was interested in was a divorce.

The deceased died intestate on October 30, 1992. Pinkard now asserts she is the daughter of the deceased and entitled as an heir at law to a pro rata share of his estate. The trial court held Pinkard's claim is barred under the doctrine of collateral estoppel because the prior divorce decree established Hight, and not the deceased, as her natural father.

1. "Collateral estoppel precludes readjudication of an issue previously adjudicated between the parties or their privies in another action. [Cits.]" *Ga. Dept. of Human Resources v. Fleeman*, 263 Ga. 756, 757 (2) (439 SE2d 474) (1994). See generally OCGA § 9-12-40. " ' "Generally speaking, privies are those legally represented at trial. Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right; and where this identity is found to exist, all are alike concluded and bound by the judgment." (Cit.)' [Cit.]" *Macuch v. Pettey*, 170 Ga. App. 467, 469 (2) (317 SE2d 262) (1984). Before privity can be established, the interests of the party must fully "represent" the interests of the privy and be fully congruent with those interests. *Miller v. Charles*, 211 Ga. App. 386, 388 (1) (439 SE2d 88) (1993).

In *Macuch*, a mother, as next friend of her minor daughter, filed a paternity action to have a person, other than her former husband, adjudicated as the daughter's father. In their divorce decree, the mother and former husband expressly acknowledged the former husband as father of the daughter. In determining whether the daughter was a privy to her mother in the prior divorce proceeding, we considered whether the final decree expressly acknowledged the daughter and provided for her custody and support; whether the mother effec-

tively asserted and protected the interests of the daughter in the divorce proceedings; and whether the daughter had received the benefits of the divorce judgment from the time it was entered, in the form of monetary support and visitation. We concluded the daughter was a privy because her interests were asserted and protected, she was referenced in the decree, and she did receive the benefits. Accordingly, she was barred from relitigating her paternity.

In the instant case, despite the fact that the final decree expressly provided for Pinkard's support and visitation, we are unable to conclude she was a privy of her mother in the divorce. At the time of the divorce, Pinkard was a mere infant, relying solely on her mother of 16 to assert and protect her interests. The record shows the only interest the mother had at the time was in obtaining a divorce, not caring enough for Pinkard's rights to even read the petition or enforce the decree's support provisions when Hight failed to pay. Under these circumstances, we find Pinkard's interests were not represented in the divorce. Accordingly, Pinkard was not a privy of Roach with regard to the previous divorce decree, and she is not precluded from raising the issue of her paternity.

2. Since we have determined Pinkard was not a privy of Roach, we need not determine whether the remaining requirements of collateral estoppel are present.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 21, 1994.

*Flournoy & Gentry, Matthew C. Flournoy, William C. Gentry,* for appellant.

*Donald W. Huskins, Carter A. Setliff, Smith, Gambrell & Russell, E. Kendrick Smith, Thomas M. Barton,* for appellees.