## A99A2278. ROSE v. THORPE.
### (525 SE2d 381)

BLACKBURN, Presiding Judge.

James A. Rose appeals the trial court's finding that he was in contempt for failure to pay child support arrearages in the amount of $17,500, contending that the award of such arrearages was an improper retroactive modification of child support obligations. We agree and reverse the finding of contempt.

It is undisputed by the parties that Arnita Thorpe gave birth to Rose's child in September 1991, and, with the assistance of the Georgia Department of Human Resources, Thorpe obtained a consent order from the Superior Court of DeKalb County against Rose in June 1992 requiring the payment of $460 a month for child support. Then, on May 22, 1997, Thorpe filed a complaint for a modification of child support in the Superior Court of Fulton County, contending that the support payments should be increased to reflect the growth of Rose's income and the needs of the child. In addition, Thorpe contended that Rose had fraudulently under-reported his income in 1992 when the original child support order was entered, and she asked the trial court to award arrearages.

In response, on September 10, 1997, the trial court increased Rose's monthly payment to $950, and, finding that Rose had wilfully under-reported his income since 1992, the trial court ordered him to pay "arrearages" in the amount of $17,500. Rose failed to pay the latter, and, in an order dated November 19, 1997, the trial court found Rose in contempt of its September 10 order. It is this finding of contempt which Rose now appeals.

As an initial matter, Thorpe chose the wrong type of action for the recoupment of support by an obligor due to under-reporting of income. Rather than a petition for modification, which governs only prospective changes in support payments, Thorpe should have made a motion to set aside. "A motion to set aside may be brought to set aside a judgment based upon . . . [f]raud, accident, or mistake." OCGA § 9-11-60 (d) (2). Any such motion, however, could have been made only within three years of the entry of the original judgment. OCGA § 9-11-60 (f).

As Thorpe petitioned the trial court only for modification of support payments, her remedies are limited to prospective alterations of Rose's support obligations. And because the trial court's order requir-

ing that Rose make back payments is tantamount to a retroactive modification of a child support obligation, neither the requirement to pay nor the contempt sanctions for nonpayment may stand.

> A permanent child support judgment is res judicata and enforceable until modified, vacated or set aside. Until a final decree amending the child support is properly entered in the modification proceeding the permanent judgment stands. A child support judgment cannot be modified retroactively.

(Citations and punctuation omitted.) *Jarrett v. Jarrett*, 259 Ga. 560, 561 (1) (385 SE2d 279) (1989).

In this case, even if we assume that Rose under-reported his income, the $17,500 lump payment required by the trial court cannot be truly classified as past due "arrearages" because the original support order required that Rose pay only $460 a month, which he did. A child support obligation may be modified on a prospective basis only, and, by determining that the amount of past payments was insufficient, the trial court improperly modified the support obligation on a retroactive basis, thereby increasing past payments on a monthly basis. Therefore, we must reverse the trial court's requirement that Rose make back payments totaling $17,500 and its finding of contempt for nonpayment of this amount.

We must point out that the holding in this case affects only the trial court's finding that Rose owed "arrearages" and its imposition of sanctions for contempt for nonpayment of this amount. As a prospective modification of Rose's child support obligation, the trial court's increase of Rose's monthly payments to $950 remains valid and binding.

*Judgment reversed. Eldridge and Barnes, JJ., concur.*

DECIDED NOVEMBER 16, 1999.

*Alonzo Nelson*, for appellant.
Arnita Thorpe, *pro se.*

