A00A1157. RICHARDSON et al. v. SIMMONS et al.
(538 SE2d 830)

ANDREWS, Presiding Judge.

Robin Richardson and Ursula Lawler-Whiteman brought separate dental malpractice suits against their respective dentists in which they presented evidence contending that the dentists fraudulently altered or destroyed dental records to conceal the malpractice. The cases were tried in Gwinnett County Superior and State Court before juries which rendered verdicts in 1997 and 1998 in favor of the dentists. No appeals were taken from the judgments entered on the verdicts, and no motions to set aside the judgments because of fraud were filed in the trial courts pursuant to OCGA § 9-11-60.

Subsequent to these unsuccessful suits, Richardson and Lawler-Whiteman jointly filed a suit in Fulton County State Court in 1998 (the joint suit) against the dentists in the prior suits (John W. Simmons IV, D.M.D., and Shawn Senkbil, D.M.D.); the malpractice insurance carrier which provided a defense to both dentists in the prior suits (Continental Casualty Company d/b/a CNA Healthpro); the parent company of CNA Healthpro (CNA Financial Corporation); the insurance broker on the malpractice insurance policies issued to both dentists (Poe & Brown); the malpractice insurance claims supervisor for both dentists (Greg Dallas); and a dentist who testified as a witness for Dr. Simmons in the prior suit (Thomas David, D.D.S.). The joint suit alleged in various causes of action that the dentists in the prior suits, along with the other defendants, conspired to alter or destroy dental records to prevent payment of legitimate malpractice claims in the prior suits and sought to recover all amounts that would have been recovered in the prior malpractice suits plus attorney fees and punitive damages.

This appeal is from the trial court's order granting summary judgment in favor of the dentists and the other defendants on all of the asserted causes of action in the joint suit.

The joint suit by Richardson and Lawler-Whiteman asserted independent causes of action which were all based on claims of fraud, spoliation of evidence, or perjury done for the purpose of altering or destroying evidence in the prior suits. Because these claims amount to impermissible collateral attacks against the judgments in the prior suits and cannot be brought as independent actions seeking damages arising from the prior suits, we affirm the grant of summary judgment by the trial court.

Although the joint suit styles its claims in various causes of action as spoliation of evidence, fraud, breach of legal and fiduciary duty, Racketeer Influenced & Corrupt Organizations Act violation, and abusive litigation, all of these causes of action are based on allegations that the defendants conspired to alter or destroy evidence

and used these tactics to prevent Richardson and Lawler-Whiteman from obtaining malpractice judgments against the dentists in the prior suits. The means for asserting these claims, however, were not to file an independent action collaterally attacking the judgments in favor of the dentists but to file motions in the courts where the prior suits were tried seeking to set aside the judgments under OCGA § 9-11-60 (d) (2). A judgment not void on its face is not subject to collateral attack but can be attacked only by a direct proceeding brought in the trial court pursuant to OCGA § 9-11-60. *Dean v. Schreeder, Wheeler & Flint*, 222 Ga. App. 426, 429 (474 SE2d 648) (1996). Since the allegations in the joint suit would not render the judgments in the prior suits void on their face, the effect of the joint suit was to collaterally attack the judgments in the prior suits in violation of OCGA § 9-11-60. *Shepherd v. Epps*, 179 Ga. App. 685, 686 (347 SE2d 289) (1986); *Zepp v. Toporek*, 211 Ga. App. 169, 171 (438 SE2d 636) (1993); *Horton v. Middle Ga. Bank*, 203 Ga. App. 127 (417 SE2d 220) (1992).

Moreover, Georgia law does not recognize independent causes of action for damages fraudulently caused by spoliation of evidence or perjury in a prior suit. *Owens v. American Refuse Systems*, 244 Ga. App. 780 (536 SE2d 782) (2000); *Shepherd*, 179 Ga. App. at 686. Such actions undermine the principle that judgments are final and litigation must be brought to an end and is subject to being abused to harass or intimidate litigants with the threat of a subsequent collateral attack. Id.

We need not address the additional claim that the trial court erred by denying a motion to compel production of work-product and confidential matters since the grant of summary judgment rendered the motion moot.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED AUGUST 31, 2000 

*Neal H. Howard, Joann B. Williams, William D. James*, for appellants.

*Small, White & Marani, Gus H. Small, Jr., Goodman, McGuffey, Aust & Lindsey, Kathryn A. Cater, Jennie R. Halenza, Lokey & Smith, Malcolm Smith*, for appellees.