## A00A1391. TURNER v. BUTLER.
(537 SE2d 703)

PHIPPS, Judge.

In 1998, Ardith Butler, the mother of a child born out of wedlock, brought this action against Dale Turner, the child's father. Butler seeks damages based on the claim that Turner fraudulently misrepresented his income in a 1994 child support recovery action against him by the Department of Human Resources (DHR). The trial court denied Turner's motion for a directed verdict, rejecting his argument that this action is barred because Butler has not set aside the consent judgment entered against him in the earlier action. We find merit in this argument and reverse the judgment entered on a jury verdict in favor of Butler.

Butler gave birth to the parties' child in 1984. She was the sole provider of support for the child until 1993 when she applied for public assistance from the DHR. She began receiving benefits in October 1993, and those payments continued for about a year.

In July 1994, the DHR brought the child support recovery action against Turner to establish paternity, to recover payments made by the DHR for the child's support, and to order Turner to provide for the future support of the child. In 1995, a consent order was entered establishing that Turner is the child's biological father. The order required Turner to reimburse the state in the amount of $1,057 and to pay child support in the amount of $400 per month to the Office of Child Support Enforcement. The amount of child support was based on application of statutory child support guidelines to a finding in the

---

[19] *Jackson & Coker, Inc. v. Hart,* 261 Ga. 371 (405 SE2d 253) (1991).

order that Turner's gross income was $2,350 per month or $28,000 per year. In 1997, Butler filed a petition against Turner seeking upward modification of child support. Butler claims that at the time of a 1998 hearing in the modification action, she discovered that Turner had fraudulently misrepresented his income in the action against him by the DHR.

Later in 1998, Butler filed this complaint against Turner. Butler claims that during the pendency of the DHR's child support recovery action, Turner's gross annual income was over $100,000 and that child support payments should have been set at no less than $1,250 per month. In 1999, a consent order entered in the modification action transferred physical custody of the child to Turner based on the child's election to live with him.

Turner moved for a directed verdict in this case, arguing that the consent judgment entered in the child support recovery action is res judicata and binding until reversed or set aside and that it is now too late to set it aside because a motion to set aside a judgment for fraud must be brought within three years from entry of the judgment. The trial court denied the motion, holding the doctrine of res judicata inapplicable on the ground that Butler was not a privy of the DHR insofar as concerns the consent judgment. The jury returned a verdict in favor of Butler for $40,000 in compensatory damages and $20,000 in attorney fees and litigation expenses. The trial court denied Turner's motion for judgment notwithstanding the verdict based on the same grounds urged in support of the motion for directed verdict.

1. As argued by Turner, the trial court erred in denying his motions for directed verdict and j.n.o.v. on the issue of res judicata.

Under the doctrine of res judicata, a judgment of a court of competent jurisdiction shall be conclusive between the same parties "and their privies" as to all matters put in issue or which might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.[1] " 'Privies are all persons who are represented by the parties and claim under them, all who are in privity with the parties; the term privity denot[es] mutual or successive relationship to the same rights of property.' [Cit.]"[2]

Relying on *Miller v. Charles*,[3] Butler argues that she was not the DHR's privy in the child support recovery action. In *Miller*, Debra Charles brought an action against Terry Miller for determination of paternity and child support. Miller filed a plea of res judicata because the DHR had brought a prior child support recovery action

---

[1] OCGA § 9-12-40.

[2] *Roberts v. Hill*, 81 Ga. App. 185, 186 (3) (58 SE2d 465) (1950).

[3] 211 Ga. App. 386 (439 SE2d 88) (1993).

in which another man had acknowledged paternity of Charles's child. This court in *Miller* determined that the State's interest in the child support recovery action was "not co-extensive or fully congruent with"[4] either the mother's or child's interest or purpose in seeking a determination of paternity. Consequently, *Miller* held that the DHR did not fully represent the interest of the mother or child in the child support recovery action and, therefore, neither was a privy to the DHR in that litigation.

This case is distinguishable from *Miller* because the purpose of both this action by Butler and the prior action by the DHR is or was the recovery of child support. The gravamen of this action is that Turner misrepresented his income to the DHR in the earlier proceeding. If Butler was not a privy of the DHR in that proceeding, then she was a stranger to it and lacks standing to bring this suit.

In *Rose v. Thorpe*,[5] Arnita Thorpe, with the assistance of the DHR, obtained a consent order requiring her child's father, James Rose, to pay monthly child support. Five years later, Thorpe filed an action in which she obtained a retroactive modification of child support on grounds that Rose had fraudulently underrepresented his income in the earlier proceeding. This court reversed, holding that the proper way to recoup support by an obligor due to an under-reporting of income is by motion to set aside the judgment.[6] A motion to set aside a judgment for fraud must be brought within three years of its entry.[7] Because Butler has not moved to set aside the 1995 consent judgment entered in the child support recovery action, the pre-condition set forth in *Rose* has not been met and cannot now be met.

2. There is no merit in Butler's argument that the three-year statute of limitation for setting aside the consent judgment has been tolled by Turner's fraud.

"If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud."[8] But

> " 'the fraud in question is not that which gives (a cause of action), but that which conceals a cause of action. . . .' "
> " 'To constitute concealment of a cause of action so as to pre-

---

[4] Id. at 388 (1).

[5] 240 Ga. App. 834 (525 SE2d 381) (1999).

[6] But see *Young v. Young*, 188 Ga. 29, 31 (1) (2 SE2d 622) (1939) (holding that fraud which will permit the setting aside of a judgment is limited to matters which are extrinsic and collateral to the issue tried in the case and do not include fraud in procuring a judgment by false testimony).

[7] OCGA § 9-11-60 (d) (2), (f).

[8] OCGA § 9-3-96.

vent the running of limitations, some trick or artifice must be employed to prevent inquiry or elude investigation, or to mislead and hinder the party who has the cause of action from obtaining information, and the acts relied on must be of an affirmative character and fraudulent.'" [Cits.][9]

Although we do not doubt that Turner misrepresented his income in the child support recovery action, there is no evidence that he has engaged in any affirmative act preventing inquiry into the matter.

3. Remaining issues are moot.

*Judgment reversed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED JULY 19, 2000 ▮▮▮▮▮▮▮▮

*Browning & Tanksley, Thomas J. Browning*, for appellant.

*Banks, Stubbs & Neville, Robert S. Stubbs III, Dana A. Azar*, for appellee.

---

[9] *Union Circulation Co. v. Trust Co. Bank*, 146 Ga. App. 612-613 (2) (247 SE2d 197) (1978); see *Marshall v. Russell*, 222 Ga. 490, 497 (3) (150 SE2d 667) (1966).