S00G1928. BUTLER v. TURNER.

(555 SE2d 427)

HINES, Justice.

We granted certiorari to the Court of Appeals in *Turner v. Butler,* 245 Ga. App. 250 (537 SE2d 703) (2000), to consider: (1) whether the Court of Appeals erred in holding that a parent who assigns to the Department of Human Resources (DHR) the parent's rights to seek child support as a condition of receiving benefits is in privity with the DHR in its action to establish a child support obligation under OCGA § 19-11-8; and (2) whether such parent may sue the other parent for fraud and deceit based on alleged misrepresentations made during the action to establish child support. For the reasons which follow, we answer in the affirmative, and consequently, reverse the judgment of the Court of Appeals.

Ardith Butler and Dale Turner had a child out of wedlock in 1984. They did not marry and Butler was the sole provider of support for the child until 1993 when she applied for public assistance from the DHR.[1] Butler began receiving benefits in October 1993, and they

---

[1] In seeking such support assistance, Butler was required to execute a form which contained the following provisions:

I. *BY SIGNING THE REQUEST FOR CHILD SUPPORT ASSISTANCE YOU ARE GIVING THE OFFICE OF CHILD SUPPORT RECOVERY OF THE GEORGIA DEPARTMENT OF HUMAN RESOURCES (OCSR) THE RIGHT TO TAKE AVAILABLE ACTION AS IT DEEMS APPROPRIATE.*

This action *may* include giving your case to a child support attorney (an Assistant District Attorney or a special Assistant Attorney General representing OCSR) on occasion. This attorney DOES NOT represent *you* and is NOT assigned to collect child support FOR YOU! This is true whether or not you have ever received welfare. The attorney represents OCSR only.

The child support attorney represents the state's interests in having children adequately supported by their parents, and in collecting welfare money. Your case will be handled by a child support agent, who may refer your case to a child support attorney as he or she feels is necessary. Sometimes, you may be required to appear as a witness in court, or you may be made a separate party to the case. These situations do not mean that the child support attorney is representing you. You may even be cautioned to hire your own attorney in some cases. The only one who can direct the child support attorney to do something in a case is the Office of Child Support Recovery.

If you are not satisfied with the actions taken by the Office of Child Support Recovery, or its attorney, and you are *not* on welfare, you may withdraw your application and hire a private attorney to collect your child support. The child support attorney is limited *by law* to representing the State of Georgia only, and the way he or she handles cases is also limited *by law.*

continued for about a year. In 1994, the DHR brought a child support recovery action against Turner in order to establish paternity, to recover support payments for the child made by the DHR, and to direct Turner to provide future support for the child. A 1995 consent order, establishing Turner as the child's biological father, required Turner to reimburse the state in the amount of $1,057 and to pay $400 per month in child support to the Office of Child Support Enforcement. The amount of ordered child support was based on the application of statutory child support guidelines to a finding that Turner's gross income was $2,350 per month or $28,000 per year.[2]

In 1997, Butler, on behalf of the child, filed a petition against Turner for upward modification of child support. Butler claimed that at the time of a 1998 hearing in the modification action, she discovered that Turner had fraudulently misrepresented his income in the DHR action.[3] A temporary order entered in the modification action found Turner's gross income in 1997 to be $300,000, and directed that his monthly child support payments be increased to $1,600 per month.[4]

In 1998, Butler filed suit against Turner for damages for fraud and deceit.[5] She claimed that in the course of the DHR's child support recovery action Turner fraudulently misrepresented, inter alia, his gross annual income to be $28,200, when in fact his gross annual income was in excess of $100,000, and that Turner made such fraudulent misrepresentation so that his child support obligation would be set at an amount much lower than he was legally obligated to pay.[6] Butler asked for, inter alia, damages representing the difference between the child support Turner paid and the amount he should have paid and exemplary damages for Turner's wilful and wanton acts and deceit and for his conscious indifference to the consequences of his actions.

Turner moved for a directed verdict in the fraud and deceit action on the bases that the consent judgment in the child support

---

II. *CONFLICT OF INTEREST.*
A. *THE CHILD SUPPORT ATTORNEY REPRESENTS ONLY THE INTERESTS OF THE STATE!* There may be times when the State's interests in supporting the children of Georgia conflict with your personal interests. . . .

[2] Turner provided a financial affidavit which indicated a gross monthly income of $2,350, or an annual income of $28,200.

[3] Tax returns show that Turner's taxable income for 1994 was in excess of $176,000 and his total income for 1996 was more than $528,000.

[4] In 1999, a consent order entered in the modification action gave primary physical custody of the child to Turner based on the child's election to live with him.

[5] Initially, the complaint was filed on behalf of the son but was later amended to add Butler individually as a party plaintiff.

[6] Butler maintained that Turner's child support payments should have been set at no less than $1,250 per month.

recovery action was res judicata and binding until reversed or set aside and that it was then too late to set it aside because a motion to set aside a judgment because of fraud must be brought within three years of the entry of the judgment. The trial court denied the motion, ruling that the doctrine of res judicata was inapplicable because Butler was not a privy of the DHR insofar as concerned the consent judgment. The action was tried before a jury which returned a verdict in favor of Butler for $40,000 in compensatory damages and $20,000 in attorney fees and litigation expenses. The trial court denied Turner's motion for judgment notwithstanding the verdict which was based on the same grounds argued in the motion for directed verdict.

The Court of Appeals concluded that the trial court erred in denying Turner's motions for directed verdict and judgment notwithstanding the verdict and reversed. It reasoned that Butler and DHR were in privity in the 1994 DHR action to establish Turner's child support obligation and, therefore, her claim was precluded by res judicata. The Court of Appeals also concluded that if Butler was not a privy of the DHR in the earlier proceeding, then she was a stranger to it and had no standing to bring the suit for fraud and deceit.

1. The Court of Appeals erred in finding privity, and thereby the bar of res judicata. The doctrine of res judicata provides that "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." OCGA § 9-12-40. That is, res judicata "prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 865 (1) (463 SE2d 5) (1995). The related doctrine of collateral estoppel, which involves issue preclusion, also requires the identity of the parties or their privies in both actions. *Gwinnett County Bd. of Tax Assessors v. GE Capital Computer Svcs.*, 273 Ga. 175, 178 (1) (538 SE2d 746) (2000). A privy has generally been defined as one who is represented at trial and who is in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right. *Pinkard v. Morris*, 215 Ga. App. 297, 298 (1) (450 SE2d 330) (1994). See also *Waldroup v. Greene County Hosp. Auth.*, supra at 866, footnote 6. It has also been said that "[b]efore privity can be established, the interests of the party must fully 'represent' the interests of the privy and be fully congruent with those interests." *Pinkard v. Morris* at 298 (1), citing *Miller v. Charles*, 211 Ga. App. 386, 388 (1) (439 SE2d 88) (1993).

Under this definition, Butler plainly was not a privy of the DHR

in the child support recovery action. The DHR initiated the action against Turner after Butler was required to assign her rights to the DHR. See OCGA § 19-11-6. Butler was not a plaintiff in the suit, had no control over the litigation, and expressly was not represented by the DHR. While in a support proceeding, the DHR stands, to some degree, in the shoes of the party seeking support, it does not have a complete identity of interest. *Allen v. Ga. Dept. of Human Resources,* 262 Ga. 521, 524 (2) (423 SE2d 383) (1992). For example, in the case of a child not receiving public assistance, the DHR, unlike the parent, is not authorized to seek modification of child support solely because of a change in either parent's financial circumstances. Id. at 523 (2). See also *Dept. of Human Resources v. Fleeman,* 263 Ga. 756 (439 SE2d 474) (1994). The DHR's purpose here was to recoup monies expended by the State on behalf of the child and to attempt to secure continuing support for the child. See OCGA § 9-11-8. Its mandate was not, in contrast to Butler's purpose, to obtain sums from Turner which allegedly should have been ordered for support of the child had Turner not misrepresented his income and damages resulting from that misrepresentation. As was aptly observed in *Miller v. Charles,* "[t]he State's interest, however, although certainly legitimate and essential, does not fully 'represent' the interest of either [the supporting parent] or the child, and that interest is not co-extensive or fully congruent with either their interests or their purpose. . . ." Supra at 387-388 (1).

2. The Court of Appeals likewise erred when it found that if Butler was not a privy of the DHR in the earlier proceeding, then she had no standing to bring the action for fraud and deceit. When a material fact is wilfully misrepresented to induce another to act and upon which the other acts, a cause of action is created in the injured party, and privity is not necessary to give rise to such a cause of action. OCGA § 51-6-2; *Robert & Co. Assoc. v. Rhodes-Haverty Partnership,* 250 Ga. 680 (300 SE2d 503) (1983). Here, it is beyond question that both the DHR and the trial court acted and relied upon Turner's apparently wilful misrepresentation of his finances in the child support action to the detriment of the system and to the child. But the injury did not end there. Butler was left to deal with the fraudulently-procured and erroneous support determination in the day-to-day economic reality of providing adequate support for her child and whatever sacrifice that entailed. This Court has long acknowledged the damage sustained by a supporting parent resulting from the failure to receive entitled child support. See *Levine v. Seley,* 217 Ga. 384, 387 (2) (123 SE2d 1) (1961).

Butler's claim is not merely one to recoup back child support; nor is it an attempt to supplement a child support award. Compare *Pearson v. Pearson,* 265 Ga. 100 (454 SE2d 124) (1995) and *Foster v. Fos-*

*ter*, 260 Ga. 813 (400 SE2d 629) (1991), involving attempts by former spouses to augment support awards, in which this Court affirmed that a modification action under OCGA § 19-6-19 is the exclusive remedy available to a former spouse for obtaining a provision supplementing a child support award contained in a divorce decree. Rather, it is a suit in tort for damages for harm to Butler from the fraud and deceit perpetrated by Turner.

The Court of Appeals's reliance on *Rose v. Thorpe*, 240 Ga. App. 834 (525 SE2d 381) (1999) is misplaced. In that case, the mother brought a complaint for modification of child support and obtained an award of arrearages in that action based upon the father's underreporting his income in the DHR case five years earlier. The Court of Appeals reversed the award of arrearages and the trial court's finding of the father's contempt for nonpayment of the amount, concluding that the trial court improperly modified the support obligation on a retroactive basis. In so doing, the Court of Appeals observed that the mother had chosen the wrong kind of action and "should have made a motion to set aside." Id. at 834. The Court also noted the mother's predicament by acknowledging that such a motion could have been made only within three years of entry of the original judgment. Id.; see also OCGA § 9-11-60 (f).

But the efficacy of a motion to set aside does not resolve the present case. As recognized in *Rose v. Thorpe,* a motion pursuant to OCGA § 9-11-60 (d) is a viable vehicle to set aside a child support judgment when such judgment is based upon fraud. However, an attempt to set aside the original support judgment on behalf of the child, had Butler been timely able to do so, would not have brought redress for the wrong she suffered. Unlike the situation in *Rose v. Thorpe,* this was not the pursuit of a modification of child support; Butler did not seek a new support award or an award of support arrearages on behalf of the child. Instead, Bulter has brought a claim for damages which she herself has sustained due to Turner's fraud and deceit, and there is no basis in law or equity to preclude such an action.[7]

*Judgment reversed. All the Justices concur, except Fletcher, C. J., Sears, P. J., and Carley, J., who dissent.*

FLETCHER, Chief Justice, dissenting in part.

I concur in the majority's ruling in Division 1 and I also join Justice Carley's dissent with respect to Division 2 and the reversal of the judgment of the Court of Appeals.

I write separately to suggest that Ms. Butler has an additional

---

[7] Insofar as the dicta in *Rose v. Thorpe* might suggest otherwise, it is disapproved.

remedy against Mr. Turner for back child support under the rationale of *Weaver v. Chester*.[8] In that case, the Court of Appeals held that in a paternity action a mother may recover back support from the father for the period prior to the adjudication of paternity, if she was supporting the child without public assistance. This holding appears unassailable and would entitle Ms. Butler to bring an action for support for the period of 1984 when the child was born to 1993 when Ms. Butler first sought and received public assistance funds.

The Court of Appeals also held in *Weaver* that the mother would be limited in her recovery of back support to amounts she actually expended on behalf of the child and would not be entitled to back support on the basis of the father's ability to pay. Whether this holding is applicable in a case in which the father actively conceals his whereabouts or his assets to avoid liability for support is an open question.

CARLEY, Justice, dissenting.

I concur in the majority's ruling in Division 1 that Ms. Butler was not a privy of DHR and, thus, that res judicata does not preclude an action for fraud and deceit. However, I do not agree that this lawsuit is an available means for her to seek damages arising out of Turner's alleged misrepresentations. Therefore, I dissent to Division 2 and to the reversal of the judgment of the Court of Appeals.

Ms. Butler alleges that Turner fraudulently misrepresented his income in DHR's previous child support action, so that the child support judgment entered against him was much less than his actual legal obligation. However, the proper remedy for claims of this type, such as fraud and perjurious concealment of evidence in a prior suit, is not an independent action for damages collaterally attacking the previous judgment, but rather a motion to set aside the judgment under OCGA § 9-11-60 (d) (2). *Richardson v. Simmons*, 245 Ga. App. 749, 750 (538 SE2d 830) (2000).

Georgia does not recognize any independent causes of action for damages caused by perjury, spoliation of evidence, or other fraudulent alteration, destruction, or concealment of evidence in a prior judicial proceeding. *Richardson v. Simmons*, supra at 750. See also *Owens v. American Refuse Systems*, 244 Ga. App. 780, 781 (2) (536 SE2d 782) (2000) (following the majority rule with respect to spoliation of evidence); *Shepherd v. Epps*, 179 Ga. App. 685, 686 (1) (347 SE2d 289) (1986) (following the majority rule with respect to perjury); *Sun v. Bush*, 179 Ga. App. 140, 141 (3) (345 SE2d 873) (1986) (following the majority rule with respect to perjury). Compare *Peters*

---

[8] 195 Ga. App. 471 (393 SE2d 715) (1990).

*v. Imperial Cabinet Co.*, 189 Ga. App. 337, 338 (1) (375 SE2d 635) (1988) (extra-judicial false swearing). Actions of this type, "undermine the principle that judgments are final and litigation must be brought to an end and is subject to being abused to harass or intimidate litigants with the threat of a subsequent collateral attack. [Cit.]" *Richardson v. Simmons*, supra at 750. See also *Shepherd v. Epps*, supra at 686 (1).

> The law provides various forms of relief which can be pursued by one who believes that a judgment has been wrongly entered. However, a cause of action for damages based upon the [opposing party's] alleged fraudulent securing of [a particular] judgment is not among them. When confronted with an allegedly erroneous judgment, [a party] or other entity with a present interest in the former outcome, must attack the underlying judgment, not the [opposing party]. . . . [T]he law prescribe[s] the manner in which a . . . judgment [can] be attacked for fraud or other acts of the adverse party. [Cits.] The fact that resort was not made to that method of attack does not afford any reason for sanctioning the instant collateral suit for damages.

*Matthews Group & Assoc. v. Wages*, 180 Ga. App. 151, 152-153 (2) (348 SE2d 695) (1986). Under the majority's holding, litigation would never truly be over, because the loser in any lawsuit now has the right to bring a subsequent action alleging that the prior judgment was obtained by the opposing litigant's fraud and deceit.

*Rose v. Thorpe*, 240 Ga. App. 834 (525 SE2d 381) (1999) is not distinguishable. Like the order for so-called arrearages in *Rose*, any award of damages in this action would be tantamount to an impermissible retroactive modification of the prior child support judgment. See *Rose v. Thorpe*, supra at 834-835. The majority also erroneously distinguishes *Foster v. Foster*, 260 Ga. 813 (400 SE2d 629) (1991) on the ground that it involved only an attempt to supplement a child support award by a means other than a modification action. In fact, the mother in *Foster* filed a complaint which alleged fraud by the father relative to a settlement agreement which was incorporated into the final divorce decree. *Foster v. Foster*, supra at 813 (1). There, as here, a prospective modification action would be the exclusive collateral remedy. *Foster v. Foster*, supra at 814 (2). See also *Jarrett v. Jarrett*, 259 Ga. 560, 561 (1) (385 SE2d 279) (1989) (recognizing that a child support judgment cannot be modified retroactively).

Since the allegations in this suit are clearly such as would not render the judgment in the prior action void on its face, the effect of the instant action is to make a collateral attack on the judgment in

the prior suit in violation of OCGA § 9-11-60 (a). *Richardson v. Simmons*, supra at 750. See also *Shepherd v. Epps*, supra at 686 (1). Like the mother in *Rose*, Ms. Butler's only option was to make a motion to set aside pursuant to OCGA § 9-11-60 (d) (2), even though, under OCGA § 9-11-60 (f), it could only be made within three years of the original judgment. *Rose v. Thorpe*, supra at 834. See also *Mehdikarimi v. Emaddazfuli*, 268 Ga. 428, 429 (2) (490 SE2d 368) (1997).

Therefore, although Ms. Butler's lawsuit is not barred by res judicata, she nevertheless does not have a viable damages claim against Mr. Turner based upon fraud and deceit. See *Matthews Group & Assoc. v. Wages*, supra at 153 (2). The judgment of the Court of Appeals should be affirmed.

I am authorized to state that Chief Justice Fletcher and Presiding Justice Sears join in this dissent.

DECIDED NOVEMBER 19, 2001 —
RECONSIDERATION DENIED DECEMBER 13, 2001.

*Banks, Stubbs, Neville & Cunat, Robert S. Stubbs III, Dana A. Azar*, for appellant.

*Browning & Tanksley, Thomas J. Browning, Carla F. Bright*, for appellee.

*David A. Webster, Ashley Carraway, Eric G. Kocher, Vicky O. Kimbrell, Nancy R. Lindbloom, Lisa J. Krisher, Phyllis J. Holmen*, amici curiae.