**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 11, 2015**

# In the Court of Appeals of Georgia

A14A2039. BUTTACAVOLI et al. v. OWEN, GLEATON, EGAN, JONES & SWEENEY LLP et al.

MILLER, Judge.

Michelle Buttacavoli filed suit individually and on behalf of her minor daughter against the law firm of Owen, Gleaton, Egan, Jones & Sweeney LLP ("Owen Gleaton") and one of the firm's attorneys, Amy J. Kolczak, for actions taken in an underlying medical malpractice lawsuit that Buttacavoli settled. The trial court granted summary judgment to Owen Gleaton and Kolczak, and Buttacavoli appeals. Buttacavoli contends that the trial court erred by holding that (1) this case constituted a collateral attack on the prior litigation; (2) Georgia's RICO (Racketeer Influenced and Corrupt Organizations) Act does not apply to obstruction of justice and conspiracy to commit perjury claims; and (3) she cannot proceed with her state law

invasion of privacy claim based on violations of the Health Insurance Portability and Accountability Act ("HIPAA") because there is no private cause of action under HIPAA. For reasons that follow, we affirm.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). On appeal from a grant of summary judgment, we apply a de novo standard of review and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Walter R. Thomas Assoc., Inc. v. Media Dynamite, Inc.*, 284 Ga. App. 413, 413-414 (643 SE2d 883) (2007).

So viewed, the evidence shows that Buttacavoli filed a medical malpractice lawsuit in Bartow County for treatment related to the premature birth of her daughter.[1] The lawsuit named the hospital, the obstetrical group, and a nurse/midwife as defendants. Owen Gleaton and Kolczak represented the non-hospital defendants in that lawsuit, and they identified Dr. Gilbert Webb as one of the expert witnesses they intended to call at trial. Dr. Webb had provided pre-delivery medical services to Buttacavoli and her daughter.

---

[1] Buttacavoli filed the suit individually and on behalf of her daughter.

2

During the Bartow County litigation, the trial court issued a protective order that placed conditions on the defendants' ability to interview Dr. Webb. Specifically, the defendants were required to send written notice to Buttacavoli's attorney prior to interviewing Dr. Webb; Buttacavoli and her attorney were permitted to attend all interviews; and the defendants were required to keep all heath care information obtained in such interviews private. Despite this order, Kolczak met privately with Dr. Webb prior to the doctor's scheduled deposition.

According to Buttacavoli's attorney, he arrived for Dr. Webb's deposition approximately 20 minutes early and was told that Kolczak was meeting privately with Dr. Webb. Buttacavoli's attorney had not been informed of the meeting or invited to attend. During the deposition, Dr. Webb testified that he met with Kolczak for 10 or 15 minutes before the deposition started and that they discussed the case for about half of that time. Dr. Webb said that Kolczak had set up the meeting. Buttacavoli subsequently contended that Kolczak's private meeting with Dr. Webb violated the trial court's protective order and sought sanctions.

During the hearing on Buttacavoli's motion for sanctions, Kolczak testified that she arrived approximately 20 minutes early for Dr. Webb's deposition and was escorted back to inspect the space where the deposition was to be held. Kolczak

testified that she ran into Dr. Webb in the hallway and told him that she could not discuss his care and treatment of Buttacavoli, but did inform him of the trial date and that she would need to call him as a witness. She also told him that the allegations of the complaint remained the same. According to Kolczak, the encounter lasted less than 15 minutes. Kolczak testified that she did not invite counsel for Buttacavoli or the hospital to attend because it was not a meeting.

The Bartow County trial court granted Buttacavoli's motion for sanctions, concluding that Kolczak had violated the protective order and that she had provided testimony that was not credible when she said that only two of the fifteen minutes spent with Dr. Webb prior to his deposition involved any discussion of the case. Because Dr. Webb had been a treating physician, providing approximately 30 days of medical care and treatment to Buttacavoli and her daughter, the trial court determined that it could not merely exclude his testimony as a sanction without penalizing Buttacavoli. Instead, after finding that Kolczak had willfully violated the protective order and done so in bad faith, the trial court struck the answer of the non-hospital defendants, entering a default judgment against those defendants as if no answer had been filed. As a result, the non-hospital defendants would be allowed to

participate at trial on the issue of damages, but could not contest any issues of liability.

While that decision was on appeal , Buttacavoli made a settlement demand of $2,000,000 to the non-hospital defendants. That offer was accepted, and the parties negotiated and signed a settlement agreement.

Two years later, Buttacavoli filed the instant suit against Owen Gleaton and Kolczak in Fulton County, asserting claims for fraud and deceit, conspiracy to defraud, invasion of privacy, and violations of Georgia RICO. The allegations involve communications that Owen Gleaton and Kolczak had with Dr. Webb prior to his deposition in the Bartow County litigation and false testimony given by Dr. Webb during that deposition. Specifically, the complaint alleges that Dr. Webb testified that he had not been asked to serve as an expert witness, that he had not provided any services to Owen Gleaton, and that his communications with Owen Gleaton were limited to three telephone calls. The complaint further alleges that Kolczak failed to correct any of these false statements on the record; that Owen Gleaton and Kolczak created false facts and opinions regarding Buttacavoli's medical condition and the cause of the premature delivery of her daughter; and that Owen Gleaton and Kolczak solicited Dr. Webb to offer these fabrications during his deposition.

Following discovery in this case, Owen Gleaton and Kolczak filed a motion for summary judgment. The trial court granted the motion, concluding that Buttacavoli's lawsuit was a collateral attack on the settlement agreement entered in the Bartow County litigation, Georgia does not recognize an independent cause of action for perjury or conspiracy to commit perjury, and there is no private cause action under HIPAA. Buttacavoli appeals.

1. Buttacavoli contends that this litigation is not a collateral attack on the prior litigation because the defendants are not the same and the current litigation seeks damages for a tort not at issue in the prior litigation. We disagree because the trial court properly determined that the present litigation constitutes an unauthorized collateral attack on the settlement in the Bartow County litigation.

"An action for damages based upon alleged perjury is in the nature of a collateral attack on the previous judgment. Under Georgia law, unless a judgment is void on its face, it may not be attacked collaterally. OCGA § 9-11-60 (a)[.]" (Citation omitted.) *Shepard v. Epps*, 179 Ga. App. 685, 686 (1) (347 SE2d 289) (1986). Because alleged perjury in a prior case would not render the judgment therein void on its face, it necessarily follows that the judgment from the prior case should be subject only to a direct rather than a collateral attack. Id. Accordingly, "[w]here a

6

judgment has allegedly been infected by perjury, the remedy is the institution of a direct attack upon that judgment[.] Id.

"If one is dissatisfied with a judgment one does not merely file a new action against the other party or his counsel." (Citation omitted.) *Dean v. Schreeder, Wheeler & Flint*, 222 Ga. App. 426, 429 (1) (474 SE2d 648) (1996). Instead, one must attack the prior judgment by a direct proceeding in the trial court where the prior suit was litigated. See *Richardson v. Simmons*, 245 Ga. App. 749, 749-750 (538 SE2d 830) (2000) (suit asserting claims for spoliation of evidence, fraud, breach of legal and fiduciary duty, RICO violation, and abusive litigation, which were all based on allegations that the defendants conspired to alter or destroy evidence and used these tactics to prevent plaintiffs from obtaining judgments against defendants in the prior malpractice suits, constituted collateral attack on prior judgments).

All of Buttacavoli's claims against Owen Gleaton and Kolczak are an effort to increase the amount she received for her injuries and the injuries to her daughter in the settlement of the Bartow County litigation. Buttacavoli agreed to that settlement with full knowledge that the trial court in Bartow County had imposed the ultimate sanction of striking the answer of the non-hospital defendants because it concluded that Kolczak had "tampered with the merits of the case by willfully violating the clear

7

order of th[e] Court." As shown by the deposition of Dr. Webb and the motion for sanctions hearing in the Bartow County litigation, Buttacavoli knew by 2010 that Owen Gleaton and Kolczak had communicated with Dr. Webb prior to his deposition about her care and treatment and Buttacavoli believed at that time that Owen Gleaton and Kolczak had provided Dr. Webb with a fabricated theory of the case that he then adopted and used in his deposition. Because that knowledge and belief form the basis for Buttacavoli's allegations in the current litigation in Fulton County, we must conclude that the present litigation constitutes an unauthorized collateral attack on the settlement in the Bartow County litigation. See *Zepp v. Toporek*, 211 Ga. App. 169, 170-171 (1) (b) (438 SE2d 636) (1993); see also *Richardson*, supra, 245 Ga. App. at 749-750. Accordingly, we affirm the trial court's grant of summary judgment to Owen Gleaton and Kolczak.

2. Based on our holding in Division 1, we need not address Buttacavoli's remaining claims of error.

*Judgment affirmed. Doyle, P. J., and Dillard, J., concur.*