### 35036. PEARCE v. PEARCE.

UNDERCOFLER, Presiding Justice.

The father and mother in this contempt action agreed at the time of their divorce "that within one year from the date of execution of this Agreement, or at such

time as Wife remarries if earlier than one year, each of the children shall be given the opportunity to decide as to which of its parents the child wishes to live with [sic]. In the event one or both of the children decides that he or she wishes to live with the Husband, then *in such event, the terms of this Agreement applicable to said child (i.e., visitation, child support and medical coverage) shall be inverted.* Thereafter, for said child, the Wife shall have the visitation rights granted herein to the Husband, and *the Wife shall have the child support and medical coverage obligations herein required of the Husband.*" (Emphasis supplied.) One year later, the children decided to live with the father. The mother began paying child support in accordance with their divorce agreement and decree. In January, she terminated her payments, and the father filed this contempt action. She appeals from the trial court's order finding her in contempt. We affirm.

The wife's argument that the divorce decree cannot be modified without a proper court proceeding, while true, is of no avail to her here. The original divorce decree included the possibility that her children might choose to live with their father and that she would then be obligated for their support. She is bound by its terms until it is appropriately modified by a court order. Nor is there any merit in her argument that she is not in wilful contempt because she discontinued the payments on her attorney's advice.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 15, 1979 — DECIDED JULY 2, 1979 — REHEARING DENIED JULY 18, 1979.

*J. Robert Joiner,* for appellant.
*Mary Walton Whiteman,* for appellee.