## S90A0671. WEAVER v. JONES.
### (396 SE2d 890)

Benham, Justice.

When the parties were divorced, the decree, based on an agreement between the parties, awarded custody of the parties' son to Jones, the mother, and provided that Weaver, the father, would pay child support. The decree also provided that if the son "elects to live with the Husband when he attains the age of fourteen (14) years, the Wife shall pay the child support" which Weaver was to pay to her while the son resided with her. The parties' son did elect to live with Weaver, but Jones never paid any child support. After his son reached the age of 18, Weaver sought to recover from Jones the child support he contended was due for the time their son lived with him. Jones filed an action for declaratory judgment to ascertain her duties under the decree. The trial court found that since there had been no judicial action to modify the original decree which gave permanent custody of the child to Jones, custody had never changed to Weaver and, consequently, Jones never had an obligation to pay child support. We granted Weaver's application for discretionary appeal to address these questions: whether a declaratory judgment action is the proper vehicle for seeking construction of a divorce decree; if so, whether the judgment rendered in such an action is directly appealable or requires an application; and whether the trial court in the present case properly found the decree vague and properly construed it.

1. "A declaratory judgment is an appropriate means of ascertaining one's rights and duties under a contract and decree of divorce." *Bache v. Bache,* 240 Ga. 3 (2) (239 SE2d 677) (1977). See also *Royal v. Royal,* 246 Ga. 229 (271 SE2d 144) (1980).

2. OCGA § 5-6-35 requires applications for appeal in "divorce, alimony, child custody and other domestic relations cases. . . ." The present action involves a divorce decree and child custody and is clearly a domestic relations case. It follows, then, that an application for discretionary appeal was the proper means of bringing this appeal to this court. The fact that the particular vehicle used to obtain the judgment was an action for declaratory judgment makes no difference

because the subject matter was domestic relations and the judgment is one entered in a domestic relations case. See generally *Horton v. Kitchens*, 259 Ga. 446 (2) (383 SE2d 871) (1989).

3. The trial court's decision that no child support was due Weaver because legal custody had never changed was based on a finding that it was the intent of the parties that, in the event the son elected to live with his father, Weaver would file an action to modify the divorce decree. We disagree. There is nothing in the decree indicating that the parties contemplated any further litigation on the issue of custody. The provision on which Weaver relies for establishing Jones' liability for child support was clearly intended to be a self-executing change of legal custody and modification of child support obligations. Such an arrangement was approved by this court in *Pearce v. Pearce*, 244 Ga. 69 (257 SE2d 904) (1979), and we see no reason to withdraw that approval. The trial court which issued the divorce decree participated in the change by adopting the consent agreement. It had an opportunity at that time to review and reject the proposed arrangement for a change of custody at the child's election, but it chose to ratify it instead. The arrangement has the further virtue of comporting with the public policy in favor of the right of a child of appropriate age to select the custodial parent. Finally, since the child's selection is controlling absent a finding of unfitness (OCGA § 19-9-1 (a)), a self-executing change serves the interest of judicial economy by effecting the change of custody and the establishment of child support obligations without the necessity of court proceedings in a case, such as this one, where there are no allegations of parental unfitness.

We hold, therefore, that the trial court erred in ruling that child custody had never changed from Jones to Weaver and that Jones, therefore, never had any obligation for child support. Accordingly, we reverse the judgment of the trial court and remand for consideration of all remaining issues.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 18, 1990 —
RECONSIDERATION DENIED OCTOBER 31, 1990.

*Glenville Haldi,* for appellant.
*Jesus Al Nerio,* for appellee.