## A92A1978. CARR v. CARR.
### (429 SE2d 95)

ANDREWS, Judge.

We granted the application for appeal in this child custody matter to determine the validity of the trial court's order granting summary judgment.

The parties here, Pitts and Virginia Carr, were divorced by final judgment and decree of the Fulton Superior Court effective July 23, 1987. The decree awarded shared custody to the parties of their minor child, William, born in 1983, and ordered that "meaningful decisions be jointly made whenever possible." Under the decree, the mother was the primary custodial parent and the father was the secondary custodial parent. At the time of the decree both parties resided in Atlanta.

The decree set forth the court's finding that both parents had equal parenting skills and interest in the child. The court stated: "because the child appears to be well-adjusted to his routine and environment, the Court feels that it would be in the best interest of the child that in the event that either parent moves to another city (outside the metropolitan Atlanta area) or another state, then the primary residence of the child shall be with the non-moving parent who shall become the primary custodial parent if he or she is not already so designated and the parent who has moved to another city in another state will have the same visitation rights with the child as are here and above stated for the original secondary custodial parent." There was no appeal from that decree.

Mrs. Carr filed this action for a declaratory judgment on October 16, 1991. In her action, she requested the court to declare void that portion of the decree which she described as a "self-executing change of custody," contending that the provision constituted an impermissible attempt to prevent the parties' minor child from being taken outside the Atlanta area to live and was void. She also sought an increase in child support payments.

Mrs. Carr then filed a motion for summary judgment in which she argued that she was entitled to a judgment declaring that the portion of the decree which stated that the parent who remained in Atlanta would be the custodial parent amounted to an unenforceable attempt on the part of the trial court to retain jurisdiction over the

issue of custody. Mr. Carr also filed a motion for summary judgment in which he contended that the provision was not void as an attempt to retain jurisdiction, but was valid and enforceable as a self-executing change of primary custodian and change of visitation. The court granted Mrs. Carr's motion and denied Mr. Carr's motion. The court's order found that "any provision which would foreclose the Court from consideration of other factors related to the child's best interest is void. OCGA § 19-9-5 (b)." The court then determined that the subject provision of the decree constituted an impermissible attempt to retain permanent jurisdiction of custody issues in the trial court. From this order, Mr. Carr appeals.

In his first enumeration of error, Mr. Carr claims that the trial court erred in ruling that the self-executing provision in this joint custody order was void as a matter of law. He argues that this determination violates the spirit of the joint custody provisions of OCGA § 19-9-6.

We agree. Although a line of cases arguably supports the trial court's ruling here, see, e.g., *Evans v. Allen*, 212 Ga. 193 (1) (91 SE2d 518) (1956); *Anthony v. Anthony*, 212 Ga. 356 (92 SE2d 857) (1956); *Connell v. Connell*, 222 Ga. 765 (3) (152 SE2d 567) (1966); *Hollingsworth v. Peck*, 226 Ga. 95 (172 SE2d 839) (1970); these cases involve neither joint custody under OCGA § 19-9-6, nor self-executing orders. In all of the above cases, the Supreme Court determined where the custody of a child had been awarded to *one* parent, provisions of the divorce decree *prohibiting* removal of the child from the jurisdiction of the court were void.

Here, contrary to Mrs. Carr's assertions, the original order provided for joint custody of the child — it specifically stated that custody would be "shared." The order evinces an intent for all of the decisions regarding the child to be shared. Despite Mrs. Carr's attempts to characterize her custody of the child as sole, we find that the custody was joint. See generally OCGA § 19-9-6.

Because custody was with both parents and because the order was a self-executing provision which simply changed the primary custodial parent, the objected to portion of the trial court's order was not void. That part of the court's decree was necessary so that neither parent could defeat joint custody. Unlike the cases above, the order did not *prohibit* Mrs. Carr from moving, it simply set forth self-executing consequences if she decided to do so. Thus, the order was not an illegal attempt to retain jurisdiction, but was an attempt to give meaning to the shared custody arrangement. Thus, this case is distinguishable also from *Mitchell v. Mitchell*, 252 Ga. 46 (1) (311 SE2d 456) (1984), in which the joint custody agreement *prohibited* the parents from taking the children out of Georgia. See also *Heard v. Vegas*, 233 Ga. 911 (213 SE2d 873) (1975) ("a court cannot attempt to retain

jurisdiction after its final order").

The self-executing provision in the trial court's decree here is more akin to the orders which were approved by the Supreme Court in *Pearce v. Pearce*, 244 Ga. 69, 70 (257 SE2d 904) (1979), and *Weaver v. Jones*, 260 Ga. 493, 494 (3) (396 SE2d 890) (1990). In *Pearce*, the court affirmed the finding that the mother was in contempt of a self-executing provision regarding custody. The order at issue in *Pearce* provided that within a year of the divorce, or at such time as the wife remarried if sooner than one year, the children would have the option of choosing the parent with whom to live. The order further provided that if the child opted to live with the father, the support provisions of the original order would be inverted.

In *Weaver*, supra, the Supreme Court approved a self-executing custody arrangement which provided that the child would live with the mother and child support would be paid by the father until the child was 14. The consent order provided that if the son "elects to live with the Husband when he attains the age of fourteen (14) years, the Wife shall pay the child support." In upholding this self-executing provision, the *Weaver* court explained: "[A] self-executing change serves the interest of judicial economy by effecting the change of custody and the establishment of child support obligations without the necessity of court proceedings in a case, such as this one, where there are no allegations of parental unfitness." Id. at 494. See also *Tanner v. Tanner*, 221 Ga. 406 (144 SE2d 740) (1965) (in the event the custodial mother left Ware County to attend school, custody would shift to defendant for the period of absence, although if the mother moved permanently, custody would not change); *Hunnicutt v. Sandison*, 223 Ga. 301 (154 SE2d 587) (1967); *Holder v. Holder*, 226 Ga. 254 (174 SE2d 408) (1970).

Accordingly, we reverse the trial court's grant of summary judgment to Mrs. Carr on this issue, because we do not find that the provision is void as a matter of law. Because of this decision, we need not address Mr. Carr's argument that the trial court erred in violating principles of res judicata since there was no showing of changed circumstances to warrant a change in custody.

*Judgment reversed. Pope, C. J., and Carley, P. J., concur. Johnson, J., disqualified.*

DECIDED FEBRUARY 22, 1993 —
RECONSIDERATION DENIED MARCH 5, 1993 — ▮▮▮▮▮▮▮

*Heyman & Sizemore, William H. Major*, for appellant.

*Rumsey & Ramsey, Penelope W. Rumsey,* for appellee.