S93G0937. CARR v. CARR.
(435 SE2d 44)

PER CURIAM.

After plenary consideration of this matter, *Carr v. Carr*, 207 Ga. App. 611 (429 SE2d 95) (1993), it is found not to satisfy the criteria for the grant of certiorari and the writ is therefore vacated.

*Clarke, C. J., Hunt, P. J., Fletcher, Sears-Collins, JJ., and Senior Appellate Justice Richard Bell concur; Benham and Hunstein, JJ., dissent. Carley, J., disqualified.*

HUNSTEIN, Justice, dissenting.

We granted certiorari to determine whether the parties' 1987 judgment awarded joint custody and whether it provided for a self-executing change of custody under the limited circumstances found permissible in *Weaver v. Jones*, 260 Ga. 493 (3) (396 SE2d 890) (1990) and *Pearce v. Pearce*, 244 Ga. 69 (257 SE2d 904) (1979). Because I believe that the self-executing custody provision should not be considered valid, I dissent to the decision of this Court to vacate its grant of certiorari.

The preferred method of effecting a change of custody is by modification pursuant to OCGA § 19-9-1. In contemplating a custodial change, a trial court must exercise its discretion to determine whether a change is in the best interests of the child. OCGA § 19-9-3. In my view most orders which allow for an "automatic" change in custody based on a future event without any additional judicial scrutiny are improper in that they run contrary to public policy. This is true no matter how the custody arrangement is characterized because

> a change of custody is just as important to the child and to others as an original award of custody, and the parties should be afforded the same type of hearing on the subsequent application as they are entitled to on an original award.

24 AmJur2d 1004, Divorce and Separation, § 1008 (1983). Self-executing provisions for child custody, more often than not, treat children as potted plants, that is, easily moved at the whim of the parties without due consideration of the child's best interests.

For these reasons, I would hold the self-executing provision void because it precludes any consideration of factors that may bear on the best interests of the child.

I am authorized to state that Justice Benham joins in this dissent.

DECIDED OCTOBER 4, 1993 —
RECONSIDERATION DENIED OCTOBER 22, 1993.

*Rumsey & Ramsey, Penelope W. Rumsey*, for appellant.
*Heyman & Sizemore, William H. Major, Margie Pitts Hames,*

for appellee.