S94A1632. PEARSON v. PEARSON.
(454 SE2d 124)

BENHAM, Presiding Justice.

The parties were divorced in 1982 by a Texas judgment that required appellee/husband to pay $300 per month child support for the couple's minor son. Each party thereafter moved to Georgia, where appellant/wife filed a petition seeking modification of the child support award to an amount calculated pursuant to the child-support guidelines of OCGA § 19-6-15. In response to appellant's petition, appellee asserted the existence of an oral settlement agreement between the parties that required appellee to pay $600 per month child support, and sought enforcement thereof.[1] After domesticating the Texas judgment (see *Pearson v. Pearson,* 263 Ga. 400 (435 SE2d 40) (1993)), the trial court found that the parties had entered into an enforceable oral settlement agreement and granted appellee's motion to enforce the oral settlement agreement, thereby modifying the child support award to $600 per month. We granted appellant's application for discretionary review.

We begin our analysis of this case by repeating the admonition that a modification action is the *exclusive* remedy for obtaining a provision supplementing the child support award contained in a divorce judgment. *Foster v. Foster,* 260 Ga. 813 (2) (400 SE2d 629) (1991). While parties may enter into an agreement concerning modification of child support (OCGA § 19-6-15 (a)), the agreement becomes an *enforceable* agreement only when made the order of the court pursuant to OCGA § 19-6-19. See *Foster v. Foster,* supra; *Conley v. Conley,* 259 Ga. 68 (5) (377 SE2d 663) (1989). Cf. *Hendrix v. Stone,* 261 Ga. 874 (412 SE2d 536) (1992).[2] Before a private agreement which includes child support may be incorporated into a court order, the trial court has an obligation to consider whether the agreed-upon support is suf-

---

[1] The purported oral agreement was reached by the parties acting without legal counsel.
[2] Self-executing and future modification provisions in the judgment of divorce undergo the necessary judicial scrutiny at the time of entry. See *Weaver v. Jones,* 260 Ga. 493 (396 SE2d 890) (1990); *Jarrett v. Jarrett,* 259 Ga. 560 (385 SE2d 279) (1989); *Cabaniss v. Cabaniss,* 251 Ga. 177 (304 SE2d 65) (1983); *Pearce v. Pearce,* 244 Ga. 69 (257 SE2d 904) (1979).

ficient based on the child's needs and the parents' ability to pay. OCGA § 19-6-19 (a). See *Arrington v. Arrington*, 261 Ga. 547 (407 SE2d 758) (1991). In addition, the child-support guidelines of OCGA § 19-6-15 are applicable to a modification action (*Riggs v. Darsey*, 260 Ga. 487 (396 SE2d 905) (1990)), and the trial court must review the agreement in light of the child support amounts contained in the child-support guidelines. OCGA § 19-6-15 (a). See also *Pruitt v. Lindsey*, 261 Ga. 540 (1) (407 SE2d 750) (1991), where the court held that the child-support guidelines "must be considered by any court setting child support" as they are "the expression of the legislative will regarding the calculation of child support."

In the case at bar, the trial court found the existence of an oral agreement and, without more, made it the order of modification of the court. Even assuming that the trial court was correct in its finding that the parties had made an oral settlement, the trial court did not make a determination that the private agreement incorporated into the court's modification order was "in accordance with the changed income and financial status of either former spouse or in the needs of the child . . ." (OCGA § 19-6-19 (a)), and did not review the agreement in light of the child-support guidelines. Furthermore, inasmuch as the trial court was sitting as the trier of fact in the modification action (OCGA § 19-6-19 (a)), any variance from the child-support guidelines had to be accompanied by a written finding of special circumstances. OCGA § 19-6-15 (c). Because the record does not reflect that the trial court made any of the necessary findings and determinations before incorporating the parties' oral settlement into the court order modifying child support, we must reverse the judgment of the trial court and remand the case for further consideration.

*Judgment reversed. All the Justices concur.*

HUNT, Chief Justice, concurring.

I concur with the outcome reached by the majority, but I write because I believe that the resolution of this case turns, not on the type of action before the trial court, in this case modification, but rather on the subject matter of the case, child support. While it is true that parties may not modify child support without the approval of the court, it must be remembered that the amount of child support cannot be fixed in the first place without court approval. In other words, I would emphasize that cases such as these are resolved not on a determination that an agreement concerning *modification* of child support becomes enforceable only when made the order of the court pursuant to the relevant statutes governing child support, but rather on the basis that *any* agreement concerning *child support*, whether the original fixing of the amount or a change in the amount, must be subjected to the necessary and statutorily mandated judicial scrutiny.

Such an emphasis will serve as a reminder to the courts that the guidelines were instituted by the legislature because of its concern, not for procedural niceties, but for the needs of children.

DECIDED MARCH 6, 1995.

*J. Stephen Schuster*, for appellant.

*Ellis, Funk, Goldberg & Labovitz, Eugene P. Chambers III, Stephen M. Worrall*, for appellee.