## S96A1137. KENDRICK v. CHILDERS.
### (475 SE2d 604)

FLETCHER, Presiding Justice.

We granted the discretionary application in this divorce action to consider whether a voluntary, contractual obligation for automatic increases in child support that are not directly proportional to future increases in income is enforceable. Because such contractual agreements further the state's interests in providing for minor children and in fostering settlement of custody and child support issues, we hold such a provision is enforceable.

Glenna Kendrick and David Childers were divorced in April 1989. Their separation agreement, which was incorporated into the final judgment, provided that Childers would pay $381 per month for the support of the minor child and that this amount would increase by five percent per year automatically "in order to offset any increase in the cost of living." In May 1995, Childers filed an action for modification of child support and visitation. The trial court specifically found that the father's income and financial circumstances had not changed so as to warrant modification of the amount of child support and denied the motion for modification, but held that the five percent increase provision was unenforceable.

1. We have previously held that parties may enter into a contractual agreement regarding modification of child support.[1] As long as the agreement is specific,[2] does not contravene a statute, or violate public policy,[3] it is enforceable. The agreement here provides for a definite percentage increase in child support payments and defines how the increase is to be calculated and paid. Therefore, the agree-

---

[1] *Pearson v. Pearson,* 265 Ga. 100 (454 SE2d 124) (1995).
[2] Compare *Thumser v. Thumser,* 242 Ga. 509 (249 SE2d 616) (1978).
[3] *Quillen v. Quillen,* 265 Ga. 779 (462 SE2d 750) (1995).

ment is specific enough to be enforceable.

2. Nor does the agreement contravene OCGA § 19-6-15 by providing for child support payments that exceed the statutory guidelines. While the guidelines create a rebuttable presumption of the correctness of the statutory formula, parents are free to exceed this level of support for their children, just as the trier of fact may exceed the guidelines amount under OCGA § 19-6-15 (c).

3. Finally, the public policy of this state, as expressed in OCGA §§ 19-6-15 and 19-7-2, is to require parents to provide adequate support for their minor children. An agreement to provide additional support as the child grows up does not contravene this policy, but rather it furthers the state's interest. Therefore, the trial court erred in striking the automatic increase provision.

*Judgment reversed. All the Justices concur.*

HUNSTEIN, Justice, concurring.

I write to stress the differences between the self-executing provision in this case and the provision in *Quillen v. Quillen*, 265 Ga. 779 (462 SE2d 750) (1995) (Hunstein, J., dissenting). In *Quillen* the challenged provision granted the husband unfettered discretion to cease unilaterally the payment of alimony upon his subjective determination that the wife was cohabiting with another. Because the various factors that might play into the husband's decision to exercise the provision could not be foreseen at the time the provision was incorporated into the divorce decree, the provision acted to divest the trial court of supervision over its decree. Thus, I could not agree to its enforcement. In contrast, the self-executing provision in this case is a standard escalation clause wherein a fixed base amount of support is subject to an objective, quantifiable change at specified times, which eliminates any subjective application of the provision. This provision thus allows the trial court, when rendering a judgment that incorporates the settlement agreement, to rule with a full appreciation of the consequences thereof on the parties. Accordingly, I concur fully in its enforcement.

DECIDED SEPTEMBER 9, 1996.

*Nicki N. Vaughan, Carol A. Walker, McCamy, Phillips, Tuggle & Fordham, Christine C. Taylor,* for appellant.
*Summer & Summer, Chandelle T. Summer,* for appellee.