### A08A1177. FORD v. HANNA.
(668 SE2d 271)

ANDREWS, Judge.

At issue is whether the trial court properly ratified and made the order of the court an agreement between Robert Hanna and Kelli Ford to settle child custody, support, and other issues raised by Hanna's petition to modify the parties' divorce decree. For the following reasons, we affirm the court's order in part, vacate in part, and remand with directions.

The June 2005 divorce decree granted to Hanna and Ford awarded Ford physical custody of the two minor children of the parties and established visitation rights, child support, and other obligations. In July 2007, after one of the children reached fourteen years of age and expressed a desire to live with Hanna, Hanna filed a petition which sought physical custody of the fourteen-year-old. Ford filed a pro se response and counterclaim seeking an order requiring Hanna to make certain payments due under the divorce decree.

Each party appeared at the September 19, 2007 hearing on the petition accompanied by an attorney. When the case was called, the attorney accompanying Ford made an oral statement of appearance for Ford, and along with Hanna's attorney asked for and received permission from the court to meet before the hearing to determine if the parties could reach a settlement. After the parties and their attorneys met for about two and a half hours, they jointly announced to the court that they had reached a settlement of all issues and that Ford's attorney would prepare an order for the court incorporating the settlement agreement. No evidence was presented.

On September 21, 2007, after no settlement order was presented to the trial court, the court signed an order setting the petition for another hearing in October 2007. On or about the same day, the attorney who appeared for Ford at the hearing petitioned the court to withdraw from the case as attorney of record pursuant to Uniform Superior Court Rule (USCR) 4.3, asserting in the petition that Ford "requested he withdraw and has indicated that she is seeking other counsel." Ford hired another attorney to represent her at the subsequent hearing. Prior to the hearing, Ford's new attorney filed a motion for a continuance of the hearing on the petition and a motion to dismiss the petition. Hanna countered with a motion

asking the court to enforce the settlement agreement previously announced to the court.

On the hearing date, the trial court denied the requested continuance and the motion to dismiss the petition and considered the motion to enforce the settlement agreement. The attorney who appeared with Ford on the first hearing date testified that he agreed to represent Ford the day prior to the hearing and spoke later that day to opposing counsel about possible settlement. At the hearing the next day, the attorney orally stated to the court that he was appearing as Ford's attorney, then asked for and obtained the court's permission to discuss settlement prior to the hearing. He then met with Ford, Hanna, and Hanna's attorney, and the parties agreed on a settlement of all issues. With Ford's express permission, the attorney told the court the case was settled and that he would prepare an order for the court incorporating the settlement agreement. He said that he prepared an order incorporating the agreement, but that he never presented it to the court because Ford would not authorize him to release it to Hanna or to the court. Referring to notes he took during the settlement negotiations, the attorney testified as to the terms of the agreement. The testimony showed that the parties agreed that physical custody of the 14-year-old child would be changed from Ford to Hanna, and physical custody of the other child would remain with Ford. Based on the change of custody agreement, the parties agreed that neither party would pay future child support to the other, and further agreed on future payment of medical insurance for the children, mutual visitation rights, and cooperation in disclosing information with respect to the children. In addition to the above matters, the parties agreed that Hanna would pay Ford past child support, past medical expenses, and other sums previously due pursuant to a prior consent order entered between the parties on February 26, 2007. No other testimony was presented at the hearing.

On the evidence presented, the trial court entered an order enforcing and incorporating all the provisions in the agreement between the parties and ruling that all other provisions of the divorce decree and the prior consent order not specifically modified by the agreement remained in effect. The trial court also found that Ford was required to pay Hanna attorney fees he incurred to enforce the settlement agreement in the amount of $1,000 ($250 per hour for four hours) because Ford unreasonably extended the litigation by denying she was represented by her former attorney and by refusing to acknowledge the attorney's authority to enter into the settlement agreement.

1. Ford contends that the trial court erred by granting Hanna's motion to enforce the settlement agreement and incorporating the agreement into the court's order.

Ford does not contest the existence or terms of the agreement; rather she contends that the attorney who appeared for her at the first hearing date and with her during the settlement negotiations did not have the authority to bind her to the announced agreement. Contrary to Ford's contention, we find that the evidence was sufficient to show that the attorney who announced his appearance as her attorney at the first hearing had an attorney-client relationship with Ford, and acted as her agent and within the scope of his authority, when he and Ford met with Hanna and his attorney, agreed to settlement of the issues, and announced the settlement to the court with Ford's express permission. *Anaya v. Coello*, 279 Ga. App. 578, 580 (632 SE2d 425) (2006). Since Ford does not dispute the existence or terms of the agreement but only the authority of the attorney, there was no necessity that the agreement be in writing when the parties agreed to it. *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (308 SE2d 544) (1983). Moreover, in this case the oral agreement was thereafter made the order of the court based on undisputed testimony given at the hearing as to the terms of the agreement. See *Robinson v. Robinson*, 261 Ga. 330 (404 SE2d 435) (1991).

We find no merit to Ford's contention that, because the record does not reflect that the attorney made a written entry of appearance for her pursuant to USCR 4.2, the attorney lacked authority to negotiate or announce the settlement. Although USCR 4.2 provides that "[n]o attorney shall appear in that capacity before a superior court until the attorney has entered an appearance by filing a signed entry of appearance form or by filing a signed pleading in a pending action," the rule further provides that "[w]ithin forty-eight hours after being retained, an attorney shall mail to the court and opposing counsel or file with the court the entry of his appearance in the pending matter," and that "[f]ailure to timely file shall not prohibit the appearance and representation by said counsel." The record shows that, after Ford filed pro se pleadings in the case, the attorney agreed to represent Ford the day prior to the hearing, contacted opposing counsel the same day, and made an oral statement of appearance in open court at the hearing the next day. When Ford immediately refused to allow the attorney to proceed with the announced settlement, the attorney withdrew at Ford's direction shortly after the hearing. Under these circumstances, we find that Ford's attorney complied with the substance of USCR 4.2 and became Ford's attorney of record by making the oral appearance for her in open court. *Pembroke State Bank v. Warnell*, 266 Ga. 819, 823

YALE LAW LIBRARY

(471 SE2d 187) (1996). Accordingly, Ford's attorney at the initial hearing had apparent authority to enter into a settlement agreement enforceable against Ford by Hanna, the other settling party. Id.; *Brumbelow*, 251 Ga. at 674-675; USCR 4.12.

Based on these conclusions, we find that, to the extent the settlement agreement changed physical custody of the 14-year-old child to Hanna, the trial court correctly enforced the agreement by ratifying it and making it the order of the court. The September 2007 agreement to change physical custody of the child was based on the 14-year-old child's decision to exercise the statutory right to select the parent with whom the child desires to live, absent a finding that such parent is unfit. OCGA § 19-9-3 (a) (3) (A); (a) (4).[1] "Without a finding of unfitness the child's selection must be recognized and the court has no discretion to act otherwise." (Citation omitted.) *Harbin v. Harbin*, 238 Ga. 109, 110 (230 SE2d 889) (1976). In *Weaver v. Jones*, 260 Ga. 493 (396 SE2d 890) (1990), the Supreme Court approved a self-executing provision in a divorce decree, based on an agreement between the parties, which provided that, if the parties' child chose to live with the noncustodial parent when the child reached the age of 14, then a change in custody to the noncustodial parent would automatically occur without any additional judicial scrutiny. The Supreme Court found that the trial court that issued the divorce decree "participated in the [custody] change by adopting the consent agreement" and "had an opportunity at that time to review and reject the proposed arrangement for a change of custody at the child's election, but . . . chose to ratify it instead." Thus the Supreme Court concluded that, where both parents agreed to the provision and there were no allegations of parental unfitness, the provision served the interest of judicial economy by effecting an automatic change of custody based on the child's election. Id. at 494; see also *Pearce v. Pearce*, 244 Ga. 69 (257 SE2d 904) (1979). In *Scott v. Scott*, 276 Ga. 372 (578 SE2d 876) (2003), the Supreme Court reiterated that the decision in *Weaver*, supra, was consonant with the 14-year-old child's right to select the parent the child desires to live with (absent a finding of unfitness) and that it "pose[d] no conflict with our law's emphasis on the best interests of the child." Id. at 373-374. Similarly, after the petition to modify custody was filed, Hanna and Ford entered into a settlement agreement recognizing the 14-year-old child's election to live with Hanna, there were no allegations of parental unfitness, and the trial court, which had an

---

[1] Effective for all child custody proceedings and modifications of child custody filed on or after January 1, 2008, a 14-year-old child's right to select the parent with whom the child desires to live is controlled by the revised version of OCGA § 19-9-3 (a) (5). Ga. L. 2007, p. 554, § 8.

opportunity to review and reject the agreement, participated in the change of custody to Hanna by ratifying the agreement as the order of the court. Under these circumstances, the trial court did not err by enforcing the settlement agreement and ordering the change in custody.[2] Compare *Harbin*, 238 Ga. 109 (contested petition to change custody based on 14-year-old child's election); *Whitley v. Whitley*, 232 Ga. 866, 868 (209 SE2d 199) (1974) (parents' agreement to change custody ineffective to modify original decree where judge heard no evidence as to change of condition affecting child's welfare).

The agreement between Hanna and Ford also settled the issue of child support, including health insurance and medical expenses related to the children. As to child support, the parties simply agreed that, because each party had physical custody of one child, neither party owed child support to the other. Although the parties may enter into an enforceable agreement concerning modification of child support (including the provision for medical expenses and health insurance) which may be made the order of the court (OCGA § 19-6-15 (c) (5), (k)), before incorporating an agreement into a court order, the trial court has an obligation to consider whether the agreed-upon support is sufficient in light of the requirements contained in the statutory child support guidelines. *Pearson v. Pearson*, 265 Ga. 100 (454 SE2d 124) (1995); OCGA § 19-6-15. The trial court erred by entering an order ratifying and incorporating the parties' agreement with respect to modification of child support (including medical expenses and health insurance for the children) without reviewing the agreement in light of the requirements in the child support guidelines.[3] *Pearson*, 265 Ga. at 101. This portion of the court's order is vacated and the case is remanded to the trial court for consideration of the agreement in light of the child support guidelines.[4]

2. There is no merit to Ford's contention that the trial court erred by denying her motion to dismiss the modification petition on the basis that she was not properly served. Ford filed the motion after the initial hearing and prior to the subsequent hearing on Hanna's motion to enforce the settlement agreement. The record

---

[2] Ford raises no issue with respect to the child visitation provisions agreed to by the parties and made the order of the trial court.

[3] The trial court properly ratified the consent agreement to the extent it terminated Hanna's obligation to pay child support for the 14-year-old child after he assumed physical custody of the child. This is not considered a modification of child support. *Hasty v. Duncan*, 239 Ga. 797 (239 SE2d 7) (1977).

[4] The agreement as incorporated into the trial court's order also provided that Hanna would pay past child support, past medical expenses, and other payments previously owed pursuant to a consent order entered on February 26, 2007. Ford does not contest these provisions.

shows that Ford filed a timely response to the modification petition without raising the service issue, and appeared at the hearing on the petition represented by counsel without raising the issue. We need not address the substance of Ford's claim because we find that Ford submitted herself to the jurisdiction of the court and waived any claim as to service. *Jones v. Van Horn*, 283 Ga. App. 144, 146-147 (640 SE2d 712) (2006).

3. Ford contends the trial court erred by denying her motion for a continuance. When no settlement agreement was presented to the court after the parties appeared at the initial hearing and announced the settlement, the court set the case for another hearing on the modification petition. Ford filed a motion to continue the hearing asserting that the case had not been settled and that the hearing date failed to give her 20 days notice of a trial on the merits of the petition as set forth in USCR 8.3. Hanna then filed a motion to enforce the settlement agreement. The trial court thereafter denied the motion for continuance of a trial on the petition, and heard the motion to enforce the prior settlement agreement. On these facts, we find no error in the denial of the motion for a continuance.[5]

4. Ford contends that the trial court erred by awarding attorney fees. Hanna asked for the award of attorney fees expended in enforcing the settlement agreement. In its order, the trial court awarded attorney fees to Hanna because it found that Ford unnecessarily expanded the litigation without justification by denying that she was represented by the attorney who accompanied her to the initial hearing and announced the settlement agreement, and by refusing on this basis to recognize the agreement. See OCGA § 9-15-14. Because the trial court set forth findings clearly sufficient to support an award of attorney fees under OCGA § 9-15-14, we find no error. Compare *Wilson v. Wilson*, 282 Ga. 728, 734 (653 SE2d 702) (2007); *Moon v. Moon*, 277 Ga. 375, 378-379 (589 SE2d 76) (2003), and *Cason v. Cason*, 281 Ga. 296, 299-300 (637 SE2d 716) (2006) (remand where trial court failed to make findings sufficient to support award of fees under OCGA § 9-15-14).

*Judgment affirmed in part and vacated in part, and case remanded. Ruffin, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 18, 2008 —
RECONSIDERATION DENIED OCTOBER 8, 2008.

---

[5] Although Ford argues on appeal that she was not given proper notice of the motion to enforce the settlement agreement, she did not raise this issue in the trial court, so it presents nothing for appellate review. *Troncone v. Troncone*, 261 Ga. 662, 663 (409 SE2d 516) (1991).

*Divida Gude*, for appellant.
*Kenneth M. Sissel*, for appellee.