## A10A1066. SHERRINGTON v. HOLMES.

(701 SE2d 906)

ADAMS, Judge.

Emma L. Sherrington appeals from the trial court's order granting custody of her son B. J. S. to his biological father, Aaron Josh Holmes. For the reasons set forth below, we reverse.

B. J. S. was born on or about December 5, 2008, and Holmes filed a petition to legitimate on March 9, 2009. The petition asked the trial court to legitimate B. J. S., to set child support for Holmes to pay Sherrington, to award Holmes "broad and liberal" visitation rights, and to grant such other and further relief as the court deemed proper. Sherrington did not oppose the petition. The trial court set a hearing on the petition for June 29, 2009. The matter was apparently rescheduled for Monday, July 20, 2009. Four days prior to the hearing, on Thursday, July 16, Holmes filed an amended petition requesting that the child's last name be changed from "Sherrington" to "Holmes" and that the trial court determine custody of the child.

Sherrington represented herself pro se at the July 20 hearing, and no hearing transcript exists. On July 27, 2009, however, the trial court entered a written order granting the petition to legitimate and changing the child's last name to Holmes. Although the trial court awarded Holmes and Sherrington joint legal custody, Holmes was named as primary custodian and Sherrington received visitation rights. After the hearing, Sherrington retained counsel and moved for a rehearing asserting lack of timely notice that the trial court would be considering the issue of custody at the July 20 hearing, but she filed a notice of appeal before the trial court could rule on that motion.

Sherrington argues on appeal that she was entitled to at least 15 days notice to respond to Holmes's new claim seeking resolution of the custody of B. J. S. Holmes counters that Sherrington waived the right to notice when she failed to file an answer to the petition to legitimate. He further asserts that his request for resolution on the issue of custody was not raised for the first time in the amended petition because the original petition sought "such other and further relief" as the court deems proper.

We find, however, that the general prayer for relief in Holmes's petition to legitimate was insufficient to put Sherrington on notice that Holmes was asking the trial court to determine custody in the legitimation action. Cf. *Lambert v. Gilmer*, 228 Ga. 774, 776 (187 SE2d 855) (1972) (general prayer for relief in divorce petition otherwise giving no indication that wife sought alimony did not raise issue of alimony for purposes of default judgment). Accordingly, Sherrington's failure to file an answer to Holmes's original petition to legitimate, while serving to waive any defense to the original claim for legitimation, did not waive her right to respond to Holmes's subsequent request for a determination of custody. In fact, Sherrington was not required to answer the amended petition in the absence of an order directing her to do so, and any allegations in the amendment automatically stood denied. See *Shields v. Gish*, 280 Ga. 556, 557-558 (1), (2) (629 SE2d 244) (2006); *Evans v. Marshall*, 253 Ga. App. 439 (559 SE2d 165) (2002); OCGA § 9-11-8 (d) ("Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.").

Nevertheless, Sherrington had the right to file an answer to the amended petition if she chose, and OCGA § 9-11-15 (a) contemplates that a party generally is entitled to 15 days to respond to such an amendment even where a trial court orders a response. In this instance, however, Sherrington, who was representing herself pro se, had no reasonable opportunity to respond to the amended petition. The amendment in this case was mailed to Sherrington on the Wednesday before the Monday legitimation hearing, so she had, at most, a little over one business day's notice that Holmes would even be asking the trial court to determine custody. And, in·fact, nothing in the notice specifically indicates that Holmes would be asking the judge to determine custody at the scheduled hearing.

It was, therefore, premature for the trial court to address the issue of custody at the July 20 legitimation hearing without giving Sherrington a reasonable opportunity to respond to this new prayer for relief. In reaching this conclusion we are aware that Sherrington, as appellant, bears the burden of showing error from the record below, and here there is no transcript to indicate whether she ever objected to addressing the issue of custody at the July 20 hearing. See, e.g., *Saravia v. Mendoza*, 303 Ga. App. 758, 762 (1) (695 SE2d 47) (2010) (consent to trial of issue inferred where appellant failed to present evidence that he objected). In a child custody case, however, the trial judge has the duty "to exercise discretion to look to and determine solely what is for the best interest of the child and what will best promote the child's welfare and happiness and to make his or her award accordingly." OCGA § 19-9-3 (a) (2). With such inadequate notice to Sherrington, the trial judge could not be assured

that he was giving proper consideration to the issues impacting his determination of the child's best interest. Accordingly, we find under the circumstances of this case that the trial judge abused his discretion in determining custody without affording Sherrington an adequate opportunity to respond and prepare for a hearing on the issue.

*Judgment reversed. Smith, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 30, 2010.

*Houston & Golub, Phillip N. Golub*, for appellant.
*Fred R. Kopp*, for appellee.