MELTON, Justice,
concurring.
While I concur fully in the majority opinion, I write separately to highlight the fundamental errors committed by the trial court in applying the doctrine of res judicata to bar Father’s proper declaratory action. As the majority points out, although the plain language of the divorce decree does not explicitly state that Mother was responsible for paying the minor children’s private school tuition, the decree “is properly read as requiring Wife to pay the minor children’s private school tuition as long as Father decides that they should attend private school.” Maj. Op. at 735. Thus, contrary to the trial court’s conclusions that the parties’ agreement “does not address the particular issue” of private school payment and that Father cannot “relitigate the Settlement Agreement in order to supplement its terms,” the divorce decree does in fact address the issue of private school payment and further resolves the issue in Father’s favor. *741 Accordingly, the fundamental errors committed by the trial court here began with respect to its interpretation of the divorce decree.
Decided September 22, 2014.
Cook Noell Tolley & Bates, John S. Noell, Jr., Kevin G. Sweat, for appellant.
Warner, Bates, McGough, McGinnis & Portnoy, C. Wilbur Warner, Jr., J. Matthew Anthony, Nancy I. Jordan, for appellee.
By failing to properly analyze the language of the decree, the trial court in turn failed to fulfill its duty to provide the parties with clarity when faced with a proper declaratory action by Father. Indeed, because the parties could not agree who had to make such payments pursuant to the decree, Father was entitled to pursue a declaratory action to determine whether he or Mother was responsible for making the private school payments. See, e.g., Weaver v. Jones, 260 Ga. 493, 493 (396 SE2d 890) (1990) (“ A declaratory judgment is an appropriate means of ascertaining one’s rights and duties under a contract and decree of divorce.’ ”). However, instead of properly resolving the ambiguity with respect to the parties’ rights under the divorce decree, the trial court invoked res judicata to conclude, erroneously, that the “unresolved” issue of private school tuition payments could not be resolved in Father’s favor because the parties had failed to address it in the original decree. However, here, Father did not seek to “relitigate” the terms of the agreement or even litigate an issue that “should have been” resolved previously. He merely sought guidance with respect to the previous court order and the law regarding an issue in contention that arose after the divorce decree had been entered. Father was entitled to seek this guidance, and the trial court erred by failing to provide the proper guidance to Father through an appropriate interpretation of the language of the divorce decree.