**THIRD DIVISION**
**DOYLE, P. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 25, 2023**

# In the Court of Appeals of Georgia

A22A1429. PERRIE v. STICHER.

DOYLE, Presiding Judge.

Jennifer C. Perrie and Michael S. Sticher (collectively, the "parties") were divorced in 2011. Sticher subsequently filed a petition for modification of custody and child support. The Fulton County Superior Court issued a final custody order following a 60-day status conference. The court then held a final hearing, and entered an order addressing contempt, child support and attorney fees. Perrie now appeals from these orders. For the reasons set forth infra, we vacate the trial court's orders and remand the case for further proceedings consistent with this opinion.

The material evidence in the present case is undisputed. Perrie and Sticher divorced in November 2011, and the court entered a final judgment and decree, which included a parenting plan relating to their one minor child, child support payments,

and the division of marital property. In January 2020, Sticher petitioned to modify custody and child support, and the case was assigned to a judicial officer. The parties attended a 30-day status conference and subsequently entered into a consent temporary order stating that, inter alia, Sticher would have primary physical custody of the parties' minor child. The court then ordered the parties to attend a 60-day status conference before the judicial officer, appointed a guardian ad litem, and ordered Perrie to undergo a forensic psychological evaluation. The court ordered Perrie to complete the evaluation before the 60-day status conference, but it did not indicate which issues it would address at the conference.

Following the 60-day status conference, the court issued a final custody order in which it struck Perrie's pleadings because she did not undergo the forensic psychological evaluation as ordered. The order also granted Sticher sole legal and physical custody of the parties' minor child, and reserved the remaining issues for the final hearing.

Perrie obtained a new attorney who filed a motion for continuance the day before the parties' final hearing, which the court denied. Perrie also filed a motion pursuant to Superior Court Rule 1000-4 the day before the hearing asking that the

2

parties' case be heard by the assigned superior court judge rather than the judicial officer.[1]

Following the final hearing, the judicial officer issued a final order stating that in deciding the issue of child support the court had taken "into consideration the evidence presented as to the income and financial circumstances of the parties, as well as the *de facto* custodial arrangement which the parties [were] voluntarily operating under." The court then ordered each party to pay one half of the child's extracurricular, education, and unreimbursed medical expenses, as well as one-half of the cost of the child's health insurance.[2] The order also awarded Sticher $20,000 in attorney fees.[3]

---

[1] See Fulton County Superior Court Family Division Rule 1000-4.2 (stating that a judicial officer shall have authority to preside over interim and temporary hearings unless a party files a written request for the assigned superior court judge to hear the case).

[2] The judicial officer did not address Perrie's Rule 1000-4 motion, but the motion was effectively denied as the case was not assigned to a superior court judge as requested by Perrie.

[3] Because the trial court's denial of Sticher's motion for contempt is not before us on appeal, we will not reach this issue and the court's ruling on contempt remains unchanged. *Morris v. Mullis*, 264 Ga. App. 428, 431 (590 SE2d 823) (2003) ("We do not consider issues not raised on appeal. Instead, our jurisdiction is limited to the consideration of legal points raised by enumeration of error.") (citation omitted).

We review a trial court's ruling on a petition to modify an award of child support and custody for an abuse of discretion, and will uphold the court's factual findings if they are supported by any evidence.[4] "The trial court's application of the law to the facts is reviewed de novo."[5] With these guiding principles in mind, we now turn to Perrie's claims of error.

1. Perrie asserts that the trial court erred in awarding physical and legal custody to Sticher. Specifically, Perrie argues that the court erred in failing to provide her notice of the substantive issues being tried at the 60-day status conference, and in granting Sticher custody without considering the best interests of the child.

As the Supreme Court of Georgia has explained,

the constitutionally-guaranteed right to due process of law is, at its core, the right of notice and the opportunity to be heard. Neither the federal nor the State Constitution's due process right guarantees a particular form or method of procedure, but is satisfied if a party has reasonable notice and opportunity to be heard, and to present her claim or defense,

---

[4] See *Harrison v. Whitaker*, 361 Ga. App. 36 (862 SE2d 597) (2021); *Rose v. Clark*, 360 Ga. App. 440, 442 (2) (859 SE2d 137) (2021).

[5] (Citation omitted.) *Perez v. Cunningham*, 355 Ga. App. 393, 394 (844 SE2d 253) (2020).

due regard being had to the nature of the proceeding and the character of the rights which may be affected by it.[6]

Here, the trial court issued an order directing the parties to attend a 60-day status conference. However, the court did not state that it intended to address the issue of custody at this conference. We are mindful that because there was no transcript of the status conference and Perrie did not present any evidence that she objected to proceeding on the custody issue at the conference, Perrie could be seen to have consented to the court's consideration of the issue, as Sticher asserts in his brief.[7] However, as this Court has held previously, in a child custody case the trial judge has the duty "to exercise discretion to look to and determine solely what is for the best interest of the child and what will best promote the child's welfare and happiness and to make his or her award accordingly."[8] As Perrie was not notified of

---

[6] (Citation and punctuation omitted.) *Bass v. Medy*, 358 Ga. App. 827, 828 (1) (854 SE2d 763) (2021), quoting *CML-GA Smyrna v. Atlanta Real Estate Investments*, 294 Ga. 787, 788 (1) (756 SE2d 504) (2014).

[7] See *Saravia v. Mendoza*, 303 Ga. App. 758, 762 (1) (695 SE2d 47) (2010) (inferring consent to trial of issue when the appellant failed to present evidence that he objected).

[8] (Citation and punctuation omitted.) *Sherrington v. Holmes*, 306 Ga. App. 270, 271 (701 SE2d 906) (2010).

the issues to be heard at the conference, the trial court "could not be assured that [it] was giving proper consideration to the issues impacting [its] determination of the child's best interest."[9] Additionally, there is nothing in the court's order or in the appellate record demonstrating that it found a material change in circumstance that affected the child, and as Sticher concedes, the court's rationale underlying its ruling is not clear. As this Court has held, "a change of custody may be granted only if a new and material change in circumstances affects the child."[10]

Therefore, under these circumstances, we conclude that the trial court abused its discretion, vacate the court's custody order, and remand the matter for further proceedings.[11]

2. Perrie argues that the trial court erred in not granting her request under Rule 1000-4 to have a superior court judge preside over the parties' final hearing. However, Rule 1000-4.3 states that to be effective, objections to a judicial officer presiding over parties' matters must be "served on all parties . . . at least five (5) business days prior to the scheduled hearing or at least five (5) business days prior to

---

[9] Id. at 271-272.

[10] *Harrison v. Whitaker*, 361 Ga. App. 36, 37 (1) (862 SE2d 597) (2021).

[11] See *Sherrington*, 306 Ga. App. at 271.

the date a matter shall be ripe for a ruling or adjudication."[12] Because Perrie's Rule 1000-4 motion was filed the day before the parties' final hearing, it was untimely and the trial court's failure to grant Perrie's motion was not error.

3. Perrie asserts that the trial court erred in modifying child support without making findings of fact or entering the child support worksheet.

The Supreme Court of Georgia has held that

> a modification action is the exclusive remedy for obtaining a provision supplementing the child support award contained in a divorce judgment. . . . In addition, the child-support guidelines of OCGA § 19-6-15 are applicable to a modification action, and the trial court must review the agreement in light of the child support amounts contained in the child-support guidelines.[13]

Moreover, when examining deviations from the child support guidelines, this Court has held that

> [i]f the factfinder deviates from the presumptive amount of child support, certain specific findings of fact must be set forth in the child support order, including the reasons for the deviation, the amount of child support that would have been required if no deviation had been

---

[12] Superior Court Family Division Rule 1000-4.3.

[13] (Citations omitted.) *Pearson v. Pearson*, 265 Ga. 100, 100-101 (454 SE2d 124) (1995).

7

applied, how the application of the presumptive amount of child support would be unjust or inappropriate considering the relative ability of each parent to provide support, and how the best interest of the child who is the subject of the child support determination is served by a deviation from the presumptive amount. . . . The child support guidelines were made mandatory to ensure that the best interests of the children were protected, and trial courts must fully comply with the statutory prerequisites for deviations from the presumptive amount of child support.[14]

Here, the trial court found that "[b]ased on the sharing of custodial time," each party was to pay one half of the child's extracurricular, education and unreimbursed medical expenses, in addition to one half of the cost of health insurance for the child. The trial court did not provide any reasoning for the amount awarded or how this award was in the minor child's best interest. Because there were no specific findings of fact set forth, the trial court failed to comply with the statutory requirements for a deviation from the presumptive amount of child support, and therefore, we vacate the

---

[14] (Citations and punctuation omitted.) *Black v. Ferlingere*, 333 Ga. App. 789, 791-792 (2) (777 SE2d 268) (2015); see *Pearson*, 265 Ga. at 101 (remanding modification of child support action for further consideration when trial court failed to provide a written finding of special circumstances to support the deviation from the child-support guidelines).

trial court's judgment as it pertains to child support, and remand for further proceedings consistent with this opinion.[15]

4, Perrie argues that the trial court erred in awarding Sticher attorney fees because the trial court failed to properly support its award with adequate findings.

As this court has held,

> an award of attorney fees and costs under Georgia law can only be authorized if there is sufficient proof of the actual costs and the reasonableness of those costs. . . . [W]hile [OCGA § 19-9-3 provides] the trial court with broad discretion in determining when to award attorney fees, nothing in [the statute suggests that] a trial court may award an arbitrary amount of attorney fees based solely on speculation or guesswork.[16]

In the present matter, however, the record does not contain any evidence to support the amount of the fee award. Further, as discussed more fully above, we have vacated

---

[15] See *Black*, 333 Ga. App. at 792 (2); see also *Crook v. Crook*, 293 Ga. 867, 869-870 (2) (750 SE2d 334) (2013) (holding that the trial court was required to make certain written findings of fact even if the deviation from the presumptive amount of child support is based on "shared custody").

[16] *Jackson v. Sanders*, 333 Ga. App. 544, 561 (6) (773 SE2d 835) (2015).

the trial court's rulings underlying its award of attorney fees.[17] Accordingly, we vacate the award of attorney fees and remand this issue for further consideration.[18]

*Judgment vacated and case remanded. McFadden, P. J., and Senior Appellate Judge Herbert E. Phipps concur*.

---

[17] See id (vacating trial court's award of attorney fees after reversal of several portions of trial court's judgment).

[18] See id.