# Court of Appeals
# of the State of Georgia

ATLANTA, August 18, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0045. ROBIN R. MCGINNIS v. AMANDA O'NEAL NEISENT et al.

James Michael O'Neal and Robin McGinnis were divorced in 2010. In connection with their divorce, they entered into a contract of settlement, which was incorporated into the final divorce decree. O'Neal died and his children, Amanda O'Neal Neisent and Kelly O'Neal Savage ("co-administrators"), were appointed co-administrators of his estate.

In 2024, the co-administrators filed a petition for a declaratory judgment against McGinnis, seeking a declaration that McGinnis had waived all interest in a life insurance policy which O'Neal owned under the contract of settlement from the divorce, and that any benefits payable under the policy were owed to O'Neal's estate. In 2025, the co-administrators filed a motion for summary judgment, which the trial court granted. From that order, McGinnis filed a timely notice of appeal.[1] We, however, lack jurisdiction.

Where, as here, the underlying action involves rights and obligations arising out of a divorce decree "and the parties are the ex-spouses, their children or their legal representatives, the case involves domestic relations and compliance with OCGA § 5-6-35 is the exclusive means by which to appeal the final order in the action." See *Walker v. Estate of Mays*, 279 Ga. 652, 653 (1) (619 SE2d 679) (2005). "The fact that the particular vehicle used to obtain the judgment was an action for declaratory

---

[1] McGinnis has also filed a pleading entitled a Petition for Discretionary Appeal in *McGinnis v. O'Neal Neisent et al.*, Case No. A26A0089.

judgment makes no difference because the subject matter was domestic relations and the judgment is one entered in a domestic relations case." *Weaver v. Jones*, 260 Ga. 493, 493-494 (2) (396 SE2d 890) (1990). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because McGinnis did not file a discretionary application as required under OCGA § 5-6-35 (a) (2), we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  08/18/2025*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*