**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 21, 2025**

# In the Court of Appeals of Georgia

A25A1405. IN RE ESTATE OF LAUREN MICAELA TAYLOR

MARKLE, Judge.

In this discretionary appeal, adult ward Lauren Micaela Taylor and her mother, Elaine Taylor (collectively "Appellants"), appeal from the probate court's order dismissing their motion to set aside several of its orders under OCGA § 9-11-60 (d). On appeal, Appellants contend the probate court incorrectly determined that it lacked subject matter jurisdiction to rule on the motion after purportedly transferring the underlying guardianship matter to another state. Because the probate court failed to properly transfer the case under OCGA § 29-11-20, and it was the court that rendered the orders Appellants sought to have set aside, it erred in finding it lacked jurisdiction.

We thus vacate the probate court's order and remand this case for further proceedings consistent with this opinion.

"We review a trial court's ruling on a motion to set aside a judgment under OCGA § 9-11-60 (d) for abuse of discretion. But, we review a question of law de novo[.]" (Citation and punctuation omitted.) *SiteOne Landscaping Supply v. Stewart*, 363 Ga. App. 855, 857 (872 SE2d 915) (2022); see also *Wallace v. Chandler*, 360 Ga. App. 541, 542 (859 SE2d 100) (2021). "Whether a trial court lacked subject matter jurisdiction is a question of law that we review de novo." *Cowart v. Ga. Power Co.*, 362 Ga. App. 574, 578 (1) (868 SE2d 241) (2022).

So viewed, the record shows that, in May 2019, Lauren sustained a catastrophic brain injury after being kicked in the head by her employer's horse while working at a horse show in South Carolina. Lauren subsequently was transported to Georgia for in-patient rehabilitative care at the Shepherd Center. Lauren's mother, Elaine, came from Missouri to care for her daughter, and, after filing her petition for appointment, she was appointed Lauren's guardian and conservator by the Fulton County probate court. Apparently, Elaine had a contentious relationship with the insurance company, American Zurich Insurance Company, providing Lauren's workers' compensation

benefits.[1] Elaine refused to cooperate when Lauren's treating physician recommended her discharge from the Shepherd Center and transfer to another facility, Quality Living Inc. ("QLI") in Nebraska, which resulted in Lauren's benefits being temporarily suspended. The Shepherd Center filed a petition for the appointment of a temporary substitute guardian/conservator, which the probate court granted, appointing the Georgia Department of Human Services as Lauren's temporary substitute guardian.

Following a series of motions and petitions from the interested parties, the probate court entered orders appointing, re-appointing, and extending the authority of guardians, conservators, and GALs; freezing Lauren's bank account; and permitting the settlement of Lauren's worker's compensation claim.

After approximately six months at the Shepherd Center, Lauren was transferred to QLI in Nebraska. After rehabilitation there, Lauren's condition improved, and she

---

[1] Elaine filed a motion to strike Zurich's responsive brief in this appeal on grounds, inter alia, that it was not an interested party in this litigation. That motion is denied. The record shows that Zurich is the workers' compensation carrier for Lauren's former employer, and it paid for her care and rehabilitation, and entered into a settlement agreement to pay her claims. The record further shows that Zurich was a party to Appellants' first appeal to this Court, and that Appellants acquiesced to the inclusion of Zurich in the current appeal.

returned to Missouri to live with her mother. According to Appellants, Lauren eventually regained her capacity around 2021. Appellants subsequently requested the guardianship matter be transferred to Missouri, and in 2022, the probate court granted that motion. The Probate Court of St. Charles County in Missouri accepted the transfer and also appointed Elaine as Lauren's temporary guardian and conservator. In October 2022, the Missouri court terminated the guardianship and conservatorship, finding that Lauren was no longer incapacitated.

Thereafter, Appellants sought to appeal multiple orders in the Fulton County matter, including the order approving Lauren's workers' compensation settlement, arguing that the orders were entered when the court-appointed conservator had knowledge that Lauren had regained capacity. The probate court dismissed all notices of appeal after the transfer of the case. Appellants then filed a discretionary application with this Court, which we dismissed as untimely.

Two years later, Appellants filed a motion to set aside under OCGA § 9-11-60 (d), contending the Fulton County probate court lacked jurisdiction to enter 13 orders issued between November 1, 2019, and February 11, 2022.[2] The trial court dismissed

---

[2] The 13 orders Appellants sought to set aside include the orders appointing a temporary substitute guardian and conservator, and freezing Lauren's bank account;

the motion on the basis that — having transferred the matter to a court in Missouri — it no longer had jurisdiction to rule on any motion. Appellants then filed this application for discretionary appeal, which we granted, and this appeal followed.

1. In related arguments, Appellants contend that the probate court erred in finding it lacked jurisdiction to hear their motion to set aside because it is the court of rendition for the challenged orders, and it failed to properly transfer the case to the Missouri probate court under OCGA § 29-11-20. Because the question of whether the Fulton County probate court had jurisdiction over Appellants' motion to set aside after the case was purportedly transferred to the Missouri is dispositive, we begin our analysis there.

In Georgia, the Uniform Adult Guardianship and Conservatorship Proceedings Jurisdiction Act (UAGCPJA) governs the transfer of an adult guardianship or conservatorship from Georgia to another state. OCGA § 29-11-20 (a) allows a guardian or conservator appointed in Georgia to petition for the transfer of

_____

to turn over Lauren's bank account to the conservator; allowing the conservator to hire a Tennessee attorney to represent Lauren in the workers' compensation case; allowing the conservator to receive funds from Lauren's bank account for his fees; and approving the settlement of Lauren's workers' compensation case.

guardianship or conservatorship to another state. As is relevant here, OCGA § 29-11-20 (d) provides:

> [t]he court shall issue an order provisionally granting a petition to transfer a guardianship and shall direct the guardian to petition for guardianship in the other state if the court is satisfied that the guardianship will be accepted by the court in the other state and the court finds that: (1) The incapacitated person is physically present in or is reasonably expected to move permanently to the other state; (2) An objection to the transfer has not been made or, if an objection has been made, the objector has not established that the transfer would be contrary to the interests of the incapacitated person; and (3) Plans for care and services for the incapacitated person in the other state are reasonable and sufficient.

Once it receives documentation that the other state accepts the transfer, the Georgia court will issue a *final order* that confirms the transfer and terminates the Georgia guardianship or conservatorship. OCGA § 29-11-20 (f). Finally, OCGA § 29-11-14 provides that a court that has appointed a guardian or issued a conservatorship order "shall have exclusive and continuing jurisdiction over the proceeding *until it is terminated by the court* or the appointment or order expires by its own terms." (emphasis added).

Here, the record shows that Appellants filed the petition to transfer the case in September 2021. In February 2022, the Fulton County probate court entered a provisional order transferring the case to Missouri, finding it met the requirements in OCGA § 29-11-20 (d) (1)-(3), (e). The record contains no objection to the transfer. OCGA § 29-11-20 (e) (2). The Missouri probate court issued its provisional order accepting the transfer of the case without any conditions, and docketed it. OCGA § 29-11-20 (f) (1). But, critically, the Fulton County probate court never issued a final order terminating the guardianship/conservatorship. OCGA § 29-11-20 (f) (1)- (2). Absent a final order, the Fulton County probate court retains exclusive and continuing jurisdiction over the proceedings *until it is terminated by the court.* OCGA § 29-11-14.

Moreover, OCGA § 9-11-60 applies to probate matters. *In re Estate of Robert Elssworth Jones*, 346 Ga. App. 877, 879-880 (2) (815 SE2d 599) (2018) (recognizing that OCGA § 9-11-60 applies in probate matters unless there is a special provision of the probate code that governs). Under OCGA § 9-11-60 (b), a judgment may be attacked by a motion to set aside "only in the court of rendition." The statute further allows a motion to set aside for lack of subject matter or personal jurisdiction to be filed at any time. OCGA § 9-11-60 (f). Because the Fulton County probate court was

the court of rendition, it had jurisdiction to rule on the motion. See, e. g., *Rowles v. Rowles*, 351 Ga. App. 246, 248 (1) (830 SE2d 589) (2019); *Buttacavoli v. Owen, Gleaton, Egan, Jones & Sweeney LLP*, 331 Ga. App. 88, 91 (1) (769 SE2d 794) (2015) ("If one is dissatisfied with a judgment . . . one must attack the prior judgment by a direct proceeding in the trial court where the prior suit was litigated.") (citations and punctuation omitted).

Thus, because the record shows the Fulton County probate court failed to properly terminate this case under OCGA § 29-11-20, and because it was the court of rendition, it retained jurisdiction to rule on Appellants' motion. Therefore, we must vacate the court's order denying Appellants' motion to set aside on jurisdictional grounds, and remand the case to the probate court to address the motion accordingly.

2. In light of our decision in Division 1, we do not address Appellants' other arguments. *In re estate of Hanson*, 353 Ga. App. 61, 64 (2) (834 SE2d 615) (2019).

*Judgment vacated and case remanded with direction. Doyle, P. J., and Padgett, J., concur.*